WALTER R. BUCHANAN, Appellant, v. K. A. CABINESS, Respondent. KASCO INCORPORATED, Plaintiff, GEORGE F. MILLARD, Assignee and Substitute Plaintiff, Respondent, v. NANNIE J. ROBINSON ET AL., Defendants, K. A. CABINESS, Intervener, Appellant, Nos. 42499 and 42547—245 S. W. (2d) 868.

Court en Banc, December 10, 1951.

Rehearing Denied, February 11, 1952.

986

*Dwight M. Smith, Jr.,* and *George L. Walker* for Walter R. Buchanan.

*Sherman E. Cabiness* and *Walter A. Raymond* for K. A. Cabiness.

*Cooper, Neel, Sutherland & Rogers* for respondent Kasco Inc., et al.

988

HYDE, J.—Actions to foreclose special tax bills. The same issue is presented in both cases. It is whether a suit under the Land Tax Collection Act (Laws 1943, p. 1029; Laws 1945, p. 1761 and p. 1926; Laws 1949, p. 602; Sec's. 141.210-141.810, R. S. 1949) in which judgment was entered but later set aside and suit dismissed upon payment (by compromise) of the taxes involved in it, bars a prior suit to foreclose a special tax bill.

In the Buchanan case, a judgment for plaintiff was reversed and remanded by the Kansas City Court of Appeals. (Buchanan v. Cabiness, 221 S. W. (2d) 849, 851.) Upon re-trial, judgment was entered for defendants and this was affirmed ▮▮▮ by the Court of Appeals. (Buchanan v. Cabiness, 235 S. W. (2d) 96.) In the Kasco case, a judgment for plaintiff was reversed by the Court of Appeals. (Kasco Inc. v. Robinson, 236 S. W. (2d) 392.) We transferred both cases here and ordered them consolidated for review.

Both of these cases were pending when the Land Tax Collection Act (hereinafter referred to as the Act) was enacted. The special tax bills sought to be foreclosed were for sewer construction. Defendant Cabiness is the present owner of the lots involved. On September 28, 1945, the Jackson County Collector of Revenue filed suit under the Act for general state, county and city taxes against the property. Plaintiffs did not file answers in the Land Trust suit and judgment was entered therein by default. However, the taxes on these lots, included in the judgment, were thereafter compromised and the amounts agreed upon were paid. The judgments against these lots were then set aside and in January 1947 the Land Trust suit was dismissed as to all lots involved in plaintiffs' special tax bill suits. Plaintiffs' suits were thereafter tried in the circuit court with the results herein above stated. Defendant's contentions, sustained by the Court of Appeals, are that the Act requires all tax bills delinquent more than four years to be foreclosed in proceedings under the Act; that plaintiffs failed to take appropriate steps to consolidate their special tax bill suits with the collector's suit under the Act; that it was thereafter too late to take any effective steps under the Act; and that plaintiffs' asserted rights have been adjudicated and are now barred by the

collector's suit under the Act. The trouble with defendants' contentions is that the collector's suit was dismissed without any final judgment being rendered.

The pertinent provisions of the Act were summarized (221 S. W. (2d), l. c. 852) by the Kansas City Court of Appeals, in a very helpful form, as follows: 'Tax bills, general or special, which are at least four years delinquent, must be foreclosed according to the terms of the Act. Section 4, Mo. R. S. A., Sec. 11201.4. (Sec. 141.260, R. S. 1949.) It is a proceeding in rem and no personal judgment may be rendered. Liens for general taxes of state, county, city, and school district for the same year are equal and first liens, and as to other years priority is given to the newer bills over the older. Section 6, Mo. R. S. A., Sec. 11201.6. (Sec. 141.250, R. S. 1949.) The liens of special tax bills are junior to the liens of the general tax bills, and among themselves the more recent take precedence over the less recent. Within one year after the Act became effective (Aug. 5, 1943), it became the duty of the county collector in each county to bring suit thereunder to foreclose general tax bills which have been delinquent four years or more, in which suit the lien of all other delinquent tax bills affecting the same parcels of land may also be foreclosed. Section 7, Mo. R. S. A., Sec. 11201.7. (Not in R. S. 1949.) Within thirty days after the Act took effect, and thereafter annually before January 5, it became the duty of all taxing authorities in the county to furnish the collector a list of all parcels of real estate on which there are liens delinquent for four years or more. Any other tax bill holder may so furnish the collector this information as to any lien held by him, if he so elects. The lists so furnished are combined by the collector for suit and a serial number is given to each parcel of real estate. If suit has been brought in the circuit court of the county on any delinquent tax bill on the list, the collector identifies the same on his list and in his petition, and such pending suit as to any such parcel is to be consolidated with the collector's suit and is deemed abated. Such lists shall be incorporated in the collector's petition. Section 8, as amended, Laws of Missouri, 1945, p. 1762, Mo. R. S. A., Sec. 11201.8. (Sec's. 141.270-141.290, R. S. 1949.)

After such lists of parcels have been furnished the collector, he shall have the exclusive power to collect the same, but if in any year the collector shall fail to institute suit against any such parcel of real estate, then any tax authority or holder of any tax bill may institute suit under the Act to foreclose any delinquent tax lien upon such parcel, bringing the suit in the name of the collector at the relation of the taxing authority or tax bill owner, and such suit shall thereafter be subject to the same procedure as suits brought by the collector. Section 10, Mo. R. S. A., Sec. 11201.10. (Sec. 141.310, R. S. 1949.) Not later than sixty days after the date of the first publication of the notice of foreclosure in any suit under the Act, an answer may

be filed therein by any person or taxing authority owning or claiming any right, title or interest in any tax bill constituting a tax lien on the real estate described in the petition. The answer shall set up the nature of the interest or objection to the foreclosure as to any of the real estate listed in the petition. "In the event of failure to answer within the time herein fixed, the petition shall be taken as confessed and a default judgment may be taken as to all tax bills affecting parcels of real estate as to which no answer has been filed." Section 14, Mo. R. S. A., Sec. 11201.14. (Sec. 141.400, R. S. 1949.) The petition shall contain a prayer for the foreclosure of *all* tax liens upon the real estate described and for the determination of amounts due and priorities of all tax bills with penalties and attorneys' fees, etc., and for order of the court for public sale of such real estate by the sheriff as provided by the Act. "The petition when so filed shall have the same force and effect with respect to each parcel of real estate therein described, as a separate suit instituted to foreclose the tax lien or liens against any one of said parcels of real estate". Section 15, Mo. R. S. A., Sec. 11201.15. (Sec. 141.410, R. S. 1949.)

Redemption is provided for in Section 16, Mo. R. S. A., Sec. 11201.-16. (Sec. 141.420, R. S. 1949.) Any person having any right, title or interest in or lien upon any parcel of real estate named in the petition may redeem any such parcel by paying to the collector all of the sums mentioned therein, with principal, interest, penalties, fees and costs then due, at any time prior to the time. of the foreclosure sale of such real estate by the sheriff; and in event of failure to redeem, such person shall be barred and forever foreclosed of all right, title and interest in and to such real estate. "Such payment shall operate as a release of the lien of *the tax bill* or *bills involved* and *as a dismissal of the suit* so far as *such tax bill or bills* are concerned."

Under Section 17, Mo. R. S. A., Sec. 11201.17 (Sec. 141.430, R. S. 1949), the form of notice of foreclosure is set forth showing the nature and purpose of the proceedings, the list of the properties involved, and requiring those holding any right, title or interest in or to or lien upon such parcel of real estate to file answer on or before the date therein fixed, and setting forth the redemption provisions herein above described, stating that failure so to answer or redeem would bar and foreclose any defense or objection to the foreclosure under the petition, and that, upon such failure, judgment *may* be taken by default.

Section 20, Mo. R. S. A., Sec. 11201.20 (Sec. 141.350, R. S. 1949), requires all suits to collect delinquent tax bills which were pending at the time of the commencement of any suit under the Act, to be consolidated with the suit under the Act, and "the parties to such pending suits shall file answers within the time and as provided in this act." The section provides, however, that any tax bill sought to be

collected in any such pending suit may be included in the list to be furnished the collector for inclusion in his petition, and if so included, the pending suit thereon shall thereby be abated, and all amounts then due on such tax bills with interest, costs and penalties shall continue in full force and effect the liens therefor against the respective parcels described in the collector's petition. And when so listed and included in the collector's petition no answer shall be required to collect such delinquent tax bills. The statute of limitations shall not prevent the parties to such pending suits from asserting their existing rights and defenses. If, thereafter, through error, any petition be dismissed as to the lien of any tax bill affecting any parcel described in the petition, such dismissal shall be without prejudice, and the holder may at his option bring another suit to foreclose such lien, within one year from such dismissal, but not thereafter.

Under Section 23, Mo. R. S. A., Sec. 11201.23 (Sec. 141.480, R. S. 1949), the proceedings under the Act shall be in equity and conducted by the court without the aid of a jury. Absent any answer the court "shall take the allegations of the petition as confessed". The court shall determine the validity of the tax liens of all tax bills affecting the parcels described and the priorities thereof and fix the time and place of foreclosure sale, and "the petition shall be dismissed as to any parcel of real estate redeemed prior to the time fixed for the sheriff's foreclosure sale as provided in this act".

Section 24, Mo. R. S. A., Sec. 11201.24 (Sec. 141.500, R. S. 1949), provides for the trial of the issues by the court and for a judgment and decree determining the amounts due on the various delinquent tax bills with interest, penalties and costs and may decree foreclosure and sale of the real estate by the sheriff.

Under Section 25, Mo. R. S. A., Sec. 11201.25 (Sec. 141.520, R. S. 1949), a waiting period of six months is required before the sheriff's sale after judgment or after new trial has been overruled or after the judgment has been affirmed on appeal, and during such six months' waiting period "and at any time prior to the time of foreclosure sale by the sheriff, any interested party may redeem any parcel of real estate as provided by this act". It is provided by Section 32, Mo. R. S. A., Sec. 11201.32 (Sec. 141.490, R. S. 1949), that except as provided in the Act, the rules of civil procedure shall apply to suits brought under the Act.

Section 52, as amended Laws of Mo. 1945, p. 1771, Mo. R. S. A., Sec. 11201.52 (Sec. 141.680, R. S. 1949), recites that the Act shall not infringe upon the provisions of Article 22, Chapter 74, R. S. Mo. 1939, Mo. R. S. A., Sec. 11378 et seq. (now Sec's. 141.010-141.160, R. S. 1949), but shall be supplementary and in addition to the same, nor shall the Act infringe upon the provisions of any special charter or

general law relating to taxation and collection of taxes not four years or more delinquent, and that "all suits to collect any delinquent tax bills alleged to be a lien against any parcel of real estate pending at the time this Act takes effect may be prosecuted by the parties thereto to judgment and sale, *but not after a petition is filed* against such parcel of real estate, under and pursuant to the provisions of this Act". That section further prohibits any owner of any tax bill from advertising or selling any real estate for delinquent taxes *except* after judgment of court having jurisdiction ordering such advertising or sale, when such parcel *is at such time* included in any petition duly filed under the provisions of the Act. Other sections of the Act authorize and establish a Land Trust and provisions creating and affecting the power, authority, duties and administration of such trust, not herein involved. (All italics supplied by the Court of Appeals.)

Defendants cite Spitcaufsky v. Hatten, 353 Mo. 94, 182 S. W. (2d) 86, in which we upheld the constitutionality of the 1943 Act, and said that the Act provided for the foreclosure of all delinquent tax liens at least four years old. Defendants say this meant that such delinquent taxes must be collected in a suit brought under the Act and by no other means. However, we think the Act, as applied to this case, must be considered as it stood after the 1945 amendments. This is true because this collector's suit under the Act was not commenced until September 1945 and the amendments, which carried emergency clauses, became effective earlier in the year. There had been no previous suit under the Act which affected plaintiffs' pending suits. Amended Section 52 (Sec. 141.680, R. S. 1949) expressly excepted from proceeding under the Act all suits to collect any delinquent tax bills, pending at the time the Act took effect, and provided for them to be prosecuted to judgment and sale. It is true that it was also provided that they could not be so prosecuted after a petition was filed against the land under the Act. However, our conclusion is that this provision amounted to only a stay; and was not an abatement of such pending suits on special tax bills as would be the case under Section 20 (Sec. 141.350, R. S. 1949) when tax bills, which are the subject matter of a pending suit, are included in a petition filed under the Act. Of course, when a judgment in a suit under the Act becomes final that is an abatement, adjudication and termination of any pending suit on special tax bills because it does adjudicate all such rights against the land and bars every proceeding, claim or tax bill which has not been asserted in it by the petition or by answer. But there never was any final judgment in the collector's suit upon which defendant relies because the judgment rendered was set aside and the suit dismissed in accordance with the provisions of Section 16 of the Act. (Sec. 141.420, R. S. 1949.)

"The general rule is that when an order or judgment is vacated the previously existing status is restored and the situation is the same as though the order or judgment had never been made: The matters in controversy are left open for future determination." (Freeman on Judgments, 5th Ed., Vol. 1, Sec. 302; See also 49 C. J. S. 557, Sec. 306; A. L. I. Restatement of Judgments, Sec. 41, Comments d and e.) · When the judgment in the collector's suit was set aside, plaintiffs then had the same rights to come into it, and·have their suits consolidated with it, as they had before the vacated judgment was rendered. (See State ex rel. Erbs v. Oliver, 361 Mo. 836, 237 S. W. (2d) 128, where there was a similar situation with reference to mechanic's lien suits.) When this collector's suit was dismissed, plaintiffs' suits were left pending and kept alive for prosecution by Section 52. (Sec. 141.680, R. S. 1949.) Although plaintiffs were in default in the collector's suit by failing to file timely answers, their suits were never abated because there never was a final· judgment in the collector's suit. Since plaintiffs' claims were not included in the petition in the collector's suit or ordered consolidated with it, a final judgment therein was the only means by which plaintiffs' pending suits could have been abated, terminated and completely barred thereby under the terms of the Act. We, therefore, hold that, after dismissal of the collector's suit, plaintiffs had the right to proceed to prosecute their suits to judgment. Of course, if any later suit under the Act had been filed, involving the same land, after this collector's suit was dismissed and prior to the time they obtained judgment, they would have had· to come into it by answer and consolidate their suits with it, but that did not happen. Thus these plaintiffs were entitled to judgments foreclosing their tax liens.

The judgment in the Buchanan case, No. 42499 is reversed and .remanded with directions to enter judgment for plaintiff. The judgment in the Kasco, Inc. case is affirmed. All concur.

## On Motion for Rehearing.

HYDE, J.—It is contended on behalf of defendant, (respondent in cause No. 42499 and appellant in cause No. 42547) that the exception in Section 52, of the Land Trust Act as to suits pending at the time the Act took effect, applied only to suits on tax bills not more than four years delinquent. It is argued from this premise that the requirements of Sections 4, 10, 14 and 20 of the Act apply to these two suits so that it was necessary for the plaintiffs therein to bring an action on their tax bills (then more than four years delinquent) under Section 10 within two years after the Act became effective (consolidating or merging these pending suits therein) or consolidate these suits with an action brought by the collector within that time. Since no such suit was brought by the collector within that time, plaintiffs herein could have had only the first alternative.

However, we cannot construe the exception in Section 52 so narrowly. This Section in the original 1943 Act (Laws 1943, p. 1062), down to the repealing clause, was as follows: "This act shall not affect or infringe upon any of the provisions of Article 22, Chapter 74, Revised Statutes of Missouri, 1939, but shall be in addition to and supplementary of the provisions of such Article, nor shall it infringe upon or affect the provisions of any special charter or the provisions of the general law relating to taxation and the collection of delinquent and back land taxes not four (4) years or more delinquent and not specifically provided for in this act." The 1945 amendment (Laws 1945, p. 1771) inserted immediately after the part above quoted, the following: "Except, however, that *all* suits to collect *any* delinquent tax bills alleged to be a lien against any parcel of real estate pending at the time this Act takes effect may be prosecuted by the parties thereto to judgment and sale, but not after a petition is filed against such parcel of real estate under and pursuant to the provisions of this Act." (Our italics.)

We think that by the words "*all* suits to collect *any* delinquent tax bills", the Legislature meant by this amendment exactly what it said, that is *all* pending suits, no matter how long pending, on *any* delinquent tax bills, no matter how long delinquent, were excepted; and that such an all inclusive exception of suits, pending at the time the Act became effective, cannot be limited by what was in Section 52 prior to the time this exception was put into it by this amendment.

Defendant's construction of the Act would have been correct, as it was originally enacted. However, before the two year period from the effective date of the 1943 Act expired, the exception to save pending suits was made by the 1945 Amendment which became effective within that time because enacted with an emergency clause. Our conclusion and ruling is that suits on special tax bills, pending at the time the 1943 Act became effective, were included in this exception, made by the 1945 Amendment, regardless of time the tax bills sued on were delinquent.

Of course, this does not mean, as defendant fears, that the Land Trust Act will become only an alternative remedy. It is the exclusive remedy for all taxes and tax bills four years or more delinquent, with one exception that applies only to the past and cannot apply to the future. The only exception is to suits pending at the time the Act became effective in 1943. Even these could be barred by being included in a suit brought by the collector or by being consolidated with a suit under the Act at any time on motion of the collector or any interested party, or by the plaintiff therein filing an answer in the case. Moreover, even without such action, these pending suits would be completely barred by a sale under a final judgment and sale in a suit under the Act in which the plaintiffs failed to file answer. The only way such excepted pending suits could proceed to final judgment

is when no suit under the Act has been brought as to the land upon which they seek to establish a tax lien or where as here, such a suit is dismissed without proceeding to final judgment and sale. When all suits pending on the effective date of the Act are disposed of there will remain no exception at all and the only method of procedure for future tax claims will be that provided by Sections 10, 14 and 20 of the Land Trust Act.

The motion for rehearing is overruled. All concur.