STATE ex rel. ESTATE of Carl F. SEISER et al., Relators,

v.

Honorable Herbert LASKY, Judge of the Circuit Court of St. Louis County, Respondent.

No. 39768.

Missouri Court of Appeals, St. Louis District, Division One.

April 18, 1978.

Wion, Burke & Boll, Robert S. Moss, Clayton, for relators.

Fred Roth, Dennis L. Taylor, Clayton, for respondent.

CLEMENS, Presiding Judge.

Prohibition to prevent respondent circuit judge from proceeding further on a claimant's motion to set aside a probate court order allowing her claim in an amount which claimant later contended was inadequate.

On February 13, 1975 Berenice Ruth Meier (hereafter claimant) filed a $95,400 claim against the estate of Carl F. Seiser for services performed for decedent. On April 7, 1975 counsel for claimant and the estate stipulated to a settlement of the claim for $5,000 and the probate court so ordered.

On October 21, 1975 claimant filed a motion in the probate court to set aside the April 7, 1975 order. The probate court denied the motion on the ground no good cause for setting aside the order was shown.

Claimant timely appealed that order to the circuit court. On May 27, 1976 the circuit court went beyond the relief sought—setting aside the probate court's April 7 order—and ruled: "petitioner [sic] request for a trial de novo, against the estate in its entirety granted." Relator (the estate) appealed, and we held the May 27, 1976 order was not appealable. See *In the Matter of Seiser, et al. v. Meier,* 557 S.W.2d 263 (Mo. App.1977). Relator then filed this original proceeding seeking prohibition to prevent the circuit court from proceeding further. We issued our preliminary writ.

Relator argues that the circuit court lacks jurisdiction to proceed because claimant failed to timely appeal the order of April 7, 1975 allowing her claim. Relator further contends a motion to set aside can not extend the time for appeal. Though relator's contentions are true, its conclusion regarding lack of jurisdiction arising from these two factors is wrong. The circuit court does have jurisdiction and the writ should be quashed, but with a caveat.

■ There are three independent methods of attacking probate court orders—two are statutory and one at common law. An equity proceeding based on allegations of fraud is available to one seeking to challenge an order or judgment of the probate court. *Murphy v. Farmers' Bank,* 11 S.W.2d 1066[1] (Mo.App.1928); *Walther v. Null,* 233 Mo. 104, 134 S.W. 993[7] (1911). This remedy is available during the time for causes of action based on fraud. See Sec. 516.120, RSMo.1969.[1]

Section 472.160 provides that "any interested party aggrieved thereby may appeal from the order, judgment or decree of the probate court" in 15 designated situations. One of the 15 types of appealable orders relates to claims over $20, which covers the present case. All appeals shall be taken within 30 days after the decision com-

plained of is made. Sec. 472.180. Though many orders of the probate court are interlocutory, if these orders fall into one of the 15 categories enumerated in Sec. 472.160, they are deemed final for purposes of appeal. Such a result allows many matters of importance to be resolved while the estate is open, and prevents one complex appeal from all matters that occurred during administration of the estate. See *Keet & Rountree Dry Goods Co. v. Williams,* 202 S.W. 620[6–9] (Mo.App.1918).

■ Section 472.150 authorizes vacation and modification of orders, judgments and decrees for good cause before the expiration of the period allowed for appeal after the order of final distribution. Thus, as long as the estate is pending in the court, the court retains control over its orders. "It [Sec. 472.150] contemplates that the entire administration proceeding shall be one action and that until final determination the whole matter is in the breast of the court." See Committee Comment to Sec. 472.150, and *In re Estate of Bacheller,* 437 S.W.2d 132 (Mo.App.1968). This section takes into account that in order to expedite resolution of the matters listed in Sec. 472.160, certain orders are "final" for purposes of appeal. But, the court may stay an appeal until the order of final distribution if no one is prejudiced thereby, so that a multitude of appeals does not delay the order of final distribution or disrupt the continuity of administration. Edward D. Summers, "The Proposed Probate Code for Missouri," 20 Mo.L.Rev. 123 (1955).

■ After expiration of the time for appeal from an order (such as an order allowing a stipulated claim) the court may grant a motion to set aside and vacate that order any time before the entry of an order of final distribution, and within 30 days following the order of final distribution.

■ One seeking to challenge the allowance of a claim has two *separate* statutory

---

1. All statutory references refer to the Revised Statutes of Missouri, 1969, unless otherwise indicated.

remedies—appeal or a motion to set aside and vacate. He cannot pursue both avenues, but may choose either. *State ex rel. Bostian v. Ridge,* 354 Mo. 145, 188 S.W.2d 941[4] (Mo.1945). Thus, claimant could have pursued either appeal within 30 days or a motion to set aside. She chose the latter.

Section 472.150 has expanded the circumstances in which an order allowing a claim may be challenged. Before the enactment of Section 472.150, the law substantially followed the language of former Sec. 464.-310, RSMo.1949, since repealed.[2] Section 464.310 allowed only four classes of persons (executor, administrator, heir or creditor) to challenge the allowance of a claim, and that challenge was required to be filed within *four months* after the claim was allowed. Clearly the legislature intended to broaden the remedy formerly covered by Sec. 464.-310 to include a larger class of persons, by eliminating the four categories, and to extend the time for obtaining relief, by eliminating the four month requirement.

The three avenues of attack have different time frames. Another difference among them is the scope of review. In the equity proceeding, the focal issue is fraud. Under Sec. 472.150, the critical and narrow issue is whether or not good cause exists for vacation or modification. But, pursuant to Sec. 472.160, review is broadened to a trial de novo. *Cooper v. Jensen,* 448 S.W.2d 308[8] (Mo.App.1969). Note these differences in view of the recommended outcome of this case.

Relator expresses justifiable concern regarding the scope of review adopted by the language of the circuit court in its order dated May 27, 1976 which granted the appeal: "Petitioner [sic] request for a *trial de novo,* against the Estate *in its entirety* granted." (Emphasis added.) While it is true that the circuit court affords a trial de novo on appeal from an order of the probate court, that trial de novo is limited to the specific issue(s) raised in the order from which an appeal was taken. *Hart v. Wood,* 392 S.W.2d 20[13] (Mo.App.1965). Here, the order appealed from involved only one issue—whether or not good cause was alleged and proved so as to justify setting aside a valid order of the probate court. The "trial de novo" in the present case is not a rehearing of the merits of the amount claimed or allowed. Respondent is wrong in contending as he does that the appeal from the April 7, 1975 order brings the merits of the claim before the circuit court. The only way in which claimant could have obtained a review of the amount of her claim was direct appeal within 30 days after entry of the April 7, 1975 order. However, she did not choose that method of review. Presently, if the circuit court finds claimant's motion to set aside alleged good cause and if claimant proves good cause before the circuit court, then the circuit court shall enter an order setting aside the order allowing the claim. As a result of such an order, claimant's original demand would then again be pending for adjudication in the probate court. The general rule is that when an order or judgment is vacated the previously existing status is restored and the situation is the same as though the order or judgment had never been made. *Buchanan v. Cabiness,* 362 Mo. 985, 245 S.W.2d 868[4] (1951); *Hawkins v. Hawkins,* 462 S.W.2d 818[9] (Mo.App.1970). Claimant would then be in a position to request a hearing on her claim in the probate court.

Our preliminary writ barring all action was overbroad and is now ordered discharged, with our caveat that the trial court should limit itself to a determination of the claimant's motion to set aside the probate court's order.

SMITH and McMILLIAN, JJ., concur.

---

2. See Sec. 241, RSMo.1899 which is substantially the same as Sec. 464.310.