Jeannette FERGUSON, Appellant,

v.

COUNTY OF JACKSON,
Missouri, Respondent.

Wilbur TAYLOR and Harvey Lee
Taylor, Appellants,

v.

COUNTY OF JACKSON,
Missouri, Respondent.

WD No. 35454, 35456.

Missouri Court of Appeals,
Western District.

March 26, 1985.

Charles C. Shafer, III, Kansas City, for appellants.

John B. Williams, County Counselor, Mary G. Murdock, Legal Counsel, Kansas City, for respondent.

Before PRITCHARD, P.J., and SHANGLER and BERREY, JJ.

SHANGLER, Judge.

The plaintiffs Ferguson and Taylor, each by separate petition on behalf of the person and the class, sued Jackson County for a declaratory judgment that the sales of their real property by the county for delinquent taxes did not comply with §§ 141.-040, et seq., RSMo 1978, and so were unlawful. The defendant Jackson County answered that the sales in foreclosure of the tax liens were duly conducted under the Land Tax Collection Law [§§ 141.210 through 141.810], and alleged that §§ 141.-

040 et seq. were neither a part of the Law, nor otherwise applicable to tax lien foreclosure proceedings in Jackson County. The defendant further answered that the class action was not a procedure available to challenge the validity of a levy or collection of taxes, and that the petition otherwise failed to state a claim for relief— among other responses. The defendant then moved to dismiss each petition for failure to state a claim. Rule 55.27(a)(6). The trial court sustained the motion as to each petition on the stated ground that §§ 141.040, et seq., are not a part of the Land Tax Collection Law, nor are otherwise applicable to the tax lien foreclosures and sales.

The procedures of Rule 52.08 for a class action were never implemented, nor was the question whether that method avails to adjudicate the validity of a tax collection law ever determined by the trial court. Thus, each petition remains the personal cause of action of each plaintiff, and the judgment entered on each affects only those respective suitors. These judgments were appealed separately. The petitions, the causes of action pleaded, answers and motions to which the judgments respond, are all identical in terms—and the same counsel are on each cause. Our order consolidated the two appeals, and thus this decision issues in each.

The plaintiffs contend for a single point on appeal: The judgments of dismissal were error because the clear words of the Land Tax Collection Law "mandates that §§ 141.040, 141.120 and 141.130 are part of the Land Tax Collection Law and because 141.680 is also part of the Land Tax Collection Law."

The exposition of that solitary point takes up scarcely a single printed page, and cites no Missouri authority, and gives no clue as to how the §§ 141.040, 141.120 and 141.130 impinge on the cause of action each petition for declaratory judgment attempts. The argument on the point merely cites the terminology of § 141.680.1 [a component of the Land Tax Collection Law]:

"This law shall not affect or infringe upon any of the provisions of sections 141.010 to 141.160, but shall be in addition to and supplementary of the provisions of such sections...."

The argument proceeds: that the definitions of § 141.680.1 terms—*affect, infringe, supplementary*—as "found in any standard dictionary make it abundantly clear that the Collection Law is composed of Section 141.210 to 141.810 *and* through 141.200." The argument concludes with the hortative, that whether or not the Land Tax Collection Law [§§ 141.210 through 141.810] stands as a discrete enactment, the entire component Delinquent Taxes Chapter 141 [§§ 141.010 through 141.970] are to be construed "as a whole cloth." That is the full presentation on appeal.

We do not dwell on the conspicuous inadequacy of the brief as an aid or adjunct to an informed appellate decision. The point relied on does not state, nor does the exposition explain, the how or why the trial court determination that §§ 141.040, 141.120 and 141.130 are not part of the Land Tax Collection Law makes any difference to the cause of action pleaded in each petition, and the lack of citation altogether simply deepens the mystery. *See* Rule 84.04(d) and (e). The argument [which completes the presentation in the brief] that, in any event, all the component provisions of Chapter 141 must be construed "as a whole" cloth is an invention, alien to both the stated *point on appeal* and to the pleaded cause of action in the petition itself.

■ The consolidated appeals deserve our peremptory dismissal. The legal file, however, shows such a serious and professional attention by counsel for Jackson County on a governmental function of such consequence, that we respond—but only to the sense of the point on appeal. That sense we make out from the allegation of the petitions and the emphasis on oral argument to this court: that § 141.040 requires commencement of suit for foreclosure of tax liens on lands against a

resident be by personal service, whereas the foreclosure proceedings against the real estate of the plaintiffs [under the Land Tax Collection Law [§§ 141.410–141.450]] commenced by publication and notice by mail that suit was filed. The plaintiffs would impose the personal service requirement of § 141.040 upon a foreclosure under the Land Tax Collection Law, and so argue that these several provisions are integral and *in pari materia.*

The personal service § 141.040 is a component of a procedure [§ 141.010 through § 141.160] available to a collector of a class one county to enforce payment of land taxes *delinquent on the first day of the year.* The Land Tax Collection Law is a procedure available to a collector of a class one county to enforce payment of land taxes *delinquent two years or more* [§ 141.310.2, as amended by L.1982, formerly *four years or more* ]. *Spitcaufsky v. Hatten,* 353 Mo. 94, 182 S.W.2d 86, 94[1] (banc 1944); *Buchanan v. Cabiness,* 362 Mo. 985, 245 S.W.2d 868, 874 (banc 1952). These two procedures are disparate otherwise and do not interrelate. *Collector of Revenue of Jackson County v. Parcels of Land, Etc.,* 362 Mo. 1054, 247 S.W.2d 83, 88[1, 2] (banc 1952). The Land Tax Collection Law is now the *exclusive remedy* "for all taxes and tax bills four years [now two years] or more delinquent." *Buchanan v. Cabiness, supra,* l.c. 245 S.W.2d 874. The

purpose of § 141.680 of the Land Tax Collection Law is not [as the plaintiffs argue from the tendentious fragment of that statute rescripted in the brief[1]] to incorporate the procedure for the collection of delinquent land taxes under §§ 141.040 et seq. into the Land Tax Collection Law, but to preserve intact those suits—otherwise within the purview of the Land Tax Collection Law as newly amended—then pendent to collect delinquent tax bills, and to establish the Land Tax Collection procedure "as the exclusive remedy for all taxes and tax bills [two] years or more delinquent." *Buchanan v. Cabiness, supra,* l.c. 245 S.W.2d 874.[2]

■ The preclusive scheme of the Land Tax Collection Law notwithstanding, the plaintiffs seem to contend for the point that even under the Land Tax Collection Law, nothing short of personal service will do for a valid foreclosure. That contention was met and rejected by our supreme court in *Collector of Revenue of the City of St. Louis v. Parcels of Land, etc.,* 585 S.W.2d 486 (Mo. banc 1979), and then again in *Garzee v. Sauro,* 639 S.W.2d 830 (Mo. 1982). *Collector of Revenue of The City of St. Louis* was an action to foreclose tax liens under the Municipal Land Reutilization Law, §§ 92.700 et seq. That statute provided for notice of foreclosure to the owner by publication and mail—as does the

---

1. The remainder of that subsection 1 provides: ... nor shall it infringe upon or effect [sic] the provisions of any special charter or the provisions of the general law relating to taxation and the collection of delinquent and back taxes not four years or more delinquent and not specifically provided for in sections 141.-210 to 141.810, [Land Tax Collection Law] except that all suits to collect any delinquent tax bills alleged to be a lien against any parcel of real estate pending at the time this law takes effect may be prosecuted by the parties thereto to judgment and sale, but not after a petition is filed against such parcel of real estate under the provisions of this law.

2. From what we make of the class action allegations of each petition, the foreclosures the plaintiffs seek to invalidate were conducted under the Land Tax Collection Law since year 1972.

At that time, the version of § 141.680 of the Land Tax Collection Law in effect [and construed by our supreme court en banc in *Buchanan v. Cabiness,* supra] was the provision which the fragment the plaintiffs cite begins, but does not fully delineate. The present § 141.680 [amended by L.1982], enacts in explicit and plain terminology the effect *Buchanan v. Cabiness* attributed to the section by judicial construction:

1. The remedies and procedures set forth in sections 141.210 to 141.810 [Land Tax Collection Law] shall be the exclusive remedies and procedures available for the collection of delinquent and back land taxes in a county electing to come under or which has come under their authority. Sections 141.210 to 141.810 shall not be affected nor infringed upon by any other laws or parts of law in conflict herewith.

Land Tax Collection Law. The court determined, in response to contrary contention, that the method of notice provided by the foreclosure statute satisfied constitutional due process as well as the standards of Rule 54. Then, in *Garzee*, that contention was reasserted, but in the context of the Land Tax Collection Law foreclosure procedure—in the very terms the plaintiffs insist on here: that noncompliance by Jackson County with the procedures for the foreclosure of delinquent land tax liens by personal service under the procedures applicable to first class counties generally under §§ 141.010 et seq. invalidated the sales of their properties. *Garzee* [as did *Collector of Revenue of the City of St. Louis*] cited the principle of *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), that due process does not always require personal service of written notice, but [l.c. 314, 70 S.Ct. 657], such "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," suffices. *Garzee* [as did *Collector of Revenue for the City of St. Louis* for the counterpart service section of the Municipal Land Reutilization Law] held that the requirement of § 141.-440 of the Land Tax Collection Law that the collector send notice by mail to the owner of the land under foreclosure at the last known address, was a mode of notice within the limits of practicality [l.c. 832] "reasonably calculated to reach the interested parties"—and hence constitutionally sufficient. The petitions do not allege that the procedures of § 141.440 were not employed, but only that the plaintiffs were not served in person. The notice by mail conformed to both the statute and constitutional requirement. *See generally* Note, Due Process Notice Required for Real Estate Tax Sales, 49 Mo.L.Rev. 387 (1984).

The judgments of dismissal are affirmed.

All concur.