Robert K. BALL, II and David R. Odegard, Plaintiffs–Appellants,

v.

Hugh J. SHANNON, Defendant–Respondent.

No. 22231.

Missouri Court of Appeals, Southern District, Division One.

Sept. 21, 1998.

---

Robert K. Ball, II, David R. Odegard, Kansas City, for Appellants.

Richard L. Anderson, Kimberling City, for Respondent.

PREWITT, Presiding Judge.

Pursuant to Defendant's motion to dismiss, the trial court entered judgment in favor of Defendant. Plaintiffs appeal, telling us in their brief that: "The simple issue here is: Did the trial court have a right to dismiss Plaintiffs' action for violation of a statute of limitations?" We conclude that the answer is, yes.

Plaintiffs' action is based on the failure of Defendant to pay a promissory note, dated February 13, 1983. In March, 1991, an action on the same promissory note was brought by Plaintiffs. On November 15, 1995, that action was "dismissed for failure to

prosecute." Thereafter, Plaintiffs sought to set aside the dismissal under Rule 74.06, and on March 5, 1996, the trial court sustained Plaintiffs' motion and entered an order stating, "dismissal set aside; cause reinstated." Thereafter, the case was set for trial and upon the non-appearance of Defendant judgment was entered on June 6, 1997, in favor of Plaintiffs for $187,644.75.

Apparently, Defendant did not appeal from that judgment or otherwise challenge it and it remains on the record unsatisfied.

On April 19, 1996, this action was filed. Defendant responded with the motion to dismiss, asserting as one ground that the statute of limitations had run on the alleged cause of action. Plaintiffs explain in their briefs why this cause was instituted:

> Out of an abundance of caution, Plaintiffs filed a second action against Defendant in 1996, because Defendant had filed a motion attacking the reinstatement of Plaintiffs' original action. That Motion was never ruled, nor was there ever any order entered by the trial court concerning the Motion, even though Plaintiffs sought one.

Plaintiffs say they initiated this action and now appeal it, as they are concerned about Defendant contending that the trial court's action in setting aside the dismissal was a nullity, and "the judgment rendered therein would be extra-jurisdictional and void."

The parties agree that the timeliness of this action depends upon Section 516.230, RSMo 1994. That section allows the refiling of an action within one year after a nonsuit. A prerequisite to the benefit of Section 516.230 is the dismissal of the first suit. *St. Charles Sav. Bank v. Thompson,* 284 Mo. 72, 223 S.W. 734, 737 (1920). *See also Missouri & S.W. Land Co. v. Quinn,* 172 Mo. 563, 73 S.W. 184, 190–191 (1903)(no benefit from this statute where suit filed before the dismissal of previous action).[1]

"The general rule is that when an order or judgment is vacated the previously existing status is restored and the situation is the same as though the order or judgment had never been made." *State ex rel. Estate*

---

1. Section 516.230 is often referred to as a "savings statute." *McDonald v. Ward,* 919 S.W.2d 251, 252 (Mo.App.1996).

of *Seiser v. Lasky,* 565 S.W.2d 792, 795 (Mo. App.1978). *See also Buchanan v. Cabiness,* 362 Mo. 985, 245 S.W.2d 868, 873 (banc 1951). When the cause was reinstated at Plaintiffs' request, the effect of the reinstatement was that the cause had never been dismissed.[2]

 Rightly or wrongly, at the request of Plaintiffs there remained a pending action when the present suit was instituted. Having initiated the reinstatement, Plaintiffs are not in a position to assert or question the reinstatement's validity. *See Johnson v. Moore,* 931 S.W.2d 191, 195 (Mo.App.1996). *See also Southwestern Bell Yellow Pages, Inc. v. Walsh,* 950 S.W.2d 528, 530 (Mo.App. 1997).

 The legal effect of setting aside the dismissal of the prior case is that the dismissal never occurred. As there was no prior dismissal, Section 516.230 does not aid Plaintiffs. This suit is barred by Section 516.110, RSMo 1994, as it was not commenced within ten years from the time the cause of action occurred.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.

**2.** In oral argument, Plaintiffs claimed that the dismissal of the action previous to this for failure to prosecute was invalid under Rule 74.01(a), a question not briefed and which we do not decide.