

# In the
# Missouri Court of Appeals
# Western District

ANNA EMEALIA BROWN,      )
     )
Respondent,      )
     )
     )    **WD85817**
v.      )    **OPINION FILED:**
     )    **MARCH 19, 2024**
RICHARD LOTMAN BROWN,      )
     )
Appellant.      )

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Mark A. Styles, Jr., Judge**

**Before Division Two: Anthony Rex Gabbert, Presiding Judge,**
**Karen King Mitchell, Judge, Janet Sutton, Judge**

Richard L. Brown[1] appeals the circuit court's denial of his October 17, 2022, "Motion to Amend 09/14/22 Order Granting Marital Claims or, in the Alternative, to Set Aside the Order & for a New Trial & Rule 74.06 Motion for Relief." Brown asserts four points on appeal, each arguing a different reason for why he believes the circuit court erred in denying the motion under Rule 74.06(b).[2] We dismiss for lack of jurisdiction.

---

[1] As Richard Brown and Anna Brown share the same last name, Richard Brown will herein be referenced as "Brown," and Anna Brown will be referenced as "Anna Brown." No familiarity or disrespect is intended.

[2] All rule references are to the Missouri Court Rules (2022), unless otherwise noted. All statutory references are to the Revised Statutes of Missouri, as updated through 2022, unless otherwise noted.

**Procedural and Background Information**

On February 13, 2020, the circuit court in Brown's and Anna Brown's marital dissolution case entered a "Nunc Pro Tunc Judgment"[3] wherein, among numerous other things addressed by the court, the court found the following:

> [Brown] is engaged in current litigation regarding a check in the amount of approximately $800,000 as part of Case No. 13P8-PR01168. The Court took judicial notice of said probate case. The ultimate distribution of this check has been taken under advisement by the Probate Court. Upon the decision as to the distribution of said check, the net proceeds set aside to [Brown] shall be equally divided between [Anna Brown] and [Brown] as marital property.

The dissolution court ordered that, "Half of the net proceeds [Brown] receives from the $800,000 check being held under advisement pursuant to Case No. 13P8-PR01168" "shall become the sole and separate property of [Anna Brown]."

Brown appealed the dissolution court's judgment to this court in WD83588, arguing five points of alleged error which all related in some manner to the circuit court's findings regarding marital and nonmarital property. We affirmed the judgment in a *per curiam* order and provided an explanatory memorandum to the parties. *Brown v. Brown*, 620 S.W.3d 257 (Mo. App. 2021). Our mandate was issued May 5, 2021, following the Missouri Supreme Court's denial of transfer.

---

[3] This court explained in its memorandum provided to the parties in *Brown v. Brown*, 620 S.W.3d 257 (Mo. App. 2021), that, although titled a "Nunc Pro Tunc Judgment," the judgment was actually an amended judgment and would be treated as such.

On June 30, 2020, in Case No. 13P8-PR01168 (the probate matter referenced in the dissolution judgment and from which this appeal stems), Anna Brown filed an "Entry of Appearance for the Sole Reason of Asserting my Marital Claim to Distribution of Approximately $800,000.00." On July 7, 2020, Anna Brown filed an "Amended Motion for Order of Distribution of Marital Funds to Claimant Anna Emealia Brown," asking the court to enforce the distribution of $795,498.32. Brown filed suggestions in opposition, and evidence and oral argument was heard August 9, 2022.

On September 14, 2022, the circuit court entered its "Order Allowing Marital Claim," acknowledging that the court had received $795,498.32 from Normand Property Associates L.P. on January 31, 2020, which represented the $800,000.00 check referenced in the circuit court's dissolution judgment. The court "ordered, adjudged and decreed that Court Registry is ordered to pay Anna Brown in the amount of $397,746.16." Brown's attempt to directly appeal this order was untimely.

On October 17, 2022, after the time for appealing the court's order had elapsed, Brown filed a "Motion to Amend 09/14/22 Order Granting Marital Claims or, in the Alternative, to Set Aside the Order & for a New Trial & Rule 74.06 Motion for Relief." The motion was denied November 2, 2022. Brown appeals that denial.

## Points on Appeal

Brown asserts four points on appeal, each arguing a different reason for why he believes the circuit court erred in denying his motion to set aside the September 14, 2022, order under Rule 74.06(b).

"Before addressing the merits of this appeal, this Court has a duty to determine whether it has jurisdiction.  The right to appeal is purely statutory, and where a statute does not give a right to appeal, no right exists." *Jefferson Cnty. 9-1-1 Dispatch v. Plaggenberg*, 645 S.W.3d 473, 475 (Mo. banc 2022) (internal quotation marks and citation omitted).  We consider whether this appeal was timely filed under the appropriate statutory scheme and Supreme Court Rules.  *Sanford v. CenturyTel of Missouri, LLC*, 490 S.W.3d 717, 719 (Mo. Banc 2016).

Brown filed his notice of appeal on November 17, 2022.  On November 18, 2022, this court sent Brown correspondence noting that the right to appeal from a judgment of the probate division is purely statutory, with an immediate appeal allowable pursuant to Section 472.160.1(1)-(13), or taken after final settlement or distribution.  *In re Kraus*, 318 S.W.3d 274, 276 (Mo. App. 2010).  We noted, among other things, that it did not appear that the order from which this appeal was taken fit within one of the enumerated subsections of Section 472.160, nor was the appeal filed within ten days.  We asked for a response to the questions raised.  Receiving none, we sent notice to the parties on December 14, 2022, that the case would proceed in its normal course.  We asked the

parties to include in their briefing a discussion regarding this court's jurisdiction to hear the appeal.

On February 22, 2023, Anna Brown moved to dismiss Brown's appeal for lack of jurisdiction, arguing that Brown's notice of appeal of the circuit court's November 2, 2022, order was untimely. That motion was taken with the case. We asked the parties to discuss in their briefing whether, pursuant to Rule 41.01, Rule 74 was made applicable to the probate proceeding below. To the extent Rule 74 was made applicable, the parties were to address whether the November 2, 2022, order constitutes a final judgment pursuant to Rule 74.01(a), or is otherwise appealable denominated as an "order." To the extent Rule 74 was not made applicable, the parties were to address whether the motion to set aside created an "independent action."

In his briefing on appeal, Brown contends that Rule 74 was made applicable to the probate proceeding involving Anna Brown's June 30, *2020* claim, arguing that the circuit court reminded the parties at an October 31, *2014* hearing that "the rules of civil procedure apply" and urged the parties to "follow the rules of civil procedure." Further, that at a November 25, *2014*, hearing, Brown's counsel stated that, in St. Louis, parties are required to move to apply the rules of civil procedure and he wanted to do that. The court replied, "We do not have to make a motion here, they apply."

These 2014 hearings regarded a "Petition for Declaratory Judgment Approving the Final Distribution of the Brown Family Estate and the Trustees' Final Accounting." The matter was heard over twenty-four non-consecutive days over the course of more than a

year. *Brown v. Brown-Thill*, 543 S.W.3d 620, 626 (Mo. App. 2018). The court entered a ninety-six-page Judgment on July 15, 2016, which Brown appealed asserting fourteen points. *Id.* We affirmed the circuit court's judgment. *Id.* at 639. Our mandate was issued January 10, 2018. Although the Judgment regarding final distribution was final at that point, the probate matter has spanned over a decade and Brown states that the case still remains open because "the parties have filed various motions regarding the ordered distributions, attorney's fees, and related matters."

Rule 41.01(a)(2) states that, Rules 41 through 101 shall govern civil actions pending before a circuit judge *except those actions governed by the probate code*. Rule 41.01(b) states:

> Rules 41, 54.18, 55.03, 56, 57, 58, 59, 60, 61, 62, and 67.03 apply to proceedings in the probate division of the circuit court. The judge of the probate division may order that any or all of the other Rules 41 through 101 or specified subdivisions of the rules shall be applicable in a particular matter. Any such order shall specify the rules or subdivisions to be applied and a time for compliance with the order. The order shall be served upon all of the parties.

Rule 74 is not included in the rules applicable to probate proceedings. *Id.*

Anna Brown filed her claim in the probate court on June 30, 2020. The hearing at which Brown claims all Missouri Rules of Civil Procedure were made applicable occurred six years prior to Anna Brown filing her claim, and eight years before the court held a hearing on Anna Brown's claim. The subjects dealt with in the 2014 hearings ended in a final judgment, which was appealed and affirmed. The specific marital asset

which prompted Anna Brown's claim was not in existence at the time the 2014 hearings took place.[4]

Rule 41.01(b) requires that the court must set forth in an order any rules of civil procedure beyond those expressly applicable to probate proceedings that it intends to apply to a specific matter. Additionally, the order must be served upon all parties. *Id.* Even if the court's comments in 2014 regarding the issues before it at that time could be construed as applying all rules of civil procedure to that proceeding, Rule 74 was never made applicable to Anna Brown's claim under Rule 41.01(b). There was never an order issued expressing the court's intent to apply any rules of civil procedure beyond those set forth in Rule 41.01(b).

Rule 74.06, therefore, was not available to Brown in this matter. "[R]ule 74.06 does not apply to probate matters unless its application is specifically ordered by the probate judge." *Hall v. Podleski*, 355 S.W.3d 570, 576 n.7 (Mo. App. 2011). Further, "[e]ven if Rule 74.06 did apply, it cannot be used to simply amend or modify a final judgment." *Id*. "Rule 74.06(b) reaches only procedural errors which, if known, would have prevented entry of judgment and does not serve as an alternative to a timely appeal." *Jones v. Jones*, 536 S.W.3d 383, 386-387 (Mo. App. 2018) (internal quotation marks and citation omitted).

---

[4] A May 22, 2019, filing by Brown in the probate matter discusses a check issued by Normand Properties on April 12, 2017, for $891,400. The probate division of the circuit court ordered on June 24, 2019, that attorneys' fees in the amount of $95,901.68 be paid out of that check. $891,400 less $95,901.68 leaves a remainder of $795,498.32. This is the exact amount ordered divided in the court's September 14, 2022, order, with $397,746.16 dispersed to Anna Brown.

7

Brown argues that, even if Rule 74 is inapplicable, his motion to set aside the judgment was an independent action which resulted in a final judgment. We disagree. He fails to explain what action he filed other than a belated motion to amend and an unauthorized Rule 74.06 motion that raises arguments that he could have made on direct appeal.

"There are three independent methods of attacking probate court orders[.]" *State ex rel. Seiser's Est. v. Lasky*, 565 S.W.2d 792, 794 (Mo. App. 1978). First, Section 472.160 provides for an immediate appeal from an order, judgment, or decree of the probate court in fifteen designated situations. *Id.* Second, "Section 472.150 authorizes vacation and modification of orders, judgments and decrees for good cause before the expiration of the period allowed for appeal after the order of final distribution." *Id.* Third, a proceeding based on allegations of fraud is available to one seeking to challenge an order or judgment of the probate court. *Id.*; § 472.013.

Brown makes no allegations of fraud, and concedes that the order for final distribution was made long ago. This leaves only an appeal from an order pursuant to Section 472.160. Brown concedes in his appeal: "Richard Brown filed his motion pursuant to Rule 74.06 after the underlying judgment became final." We find Brown's "Motion to Amend 09/14/22 Order Granting Marital Claims or, in the Alternative, to Set Aside the Order & for a New Trial & Rule 74.06 Motion for Relief" a belated attempt to attack the September 14, 2022, order which allowed Anna Brown's claim.

Three of Brown's points on appeal argue that the court erred by honoring the prior judgment which found the Normand asset marital property and failing to make its own determination as to whether the proceeds were, in fact, marital property.[5] The fourth point is offered in the alternative and argues that the court failed to follow the plain language of the dissolution judgment and awarded half of the gross proceeds, rather than half of the net proceeds, to Anna Brown.

Brown actually seeks to attack two final judgments with his purported Rule 74.06 motion. He states: "The Family Court—and ultimately, the Probate Court—never determined on the merits whether Mr. Brown's interest in Normand preceded his marriage to Anna Brown." Further, "the probate court had documentary evidence, before the August 9, 2022 hearing, that Mr. Brown's interest in the Normand partnership far preceded his marriage to Anna Brown." He argues that the probate court did not let him present any evidence regarding whether the proceeds of the $800,000 check were actually marital property.[6] Brown argues that the probate court accepted the dissolution court's

[5] Brown states: "Appellant is asking this Court to set aside the Judgment and remand with instructions for the Probate Court to hold a new trial and decide on the merits whether Anna Brown has any right to the Normand liquidation proceeds."

[6] The record shows that the court allowed Brown to file written suggestions following the hearing to further present his arguments and placed no limits on these filings. One exhibit Brown filed was Brown's Exhibit 18 from the dissolution trial. It is titled "First Amended Statement of Marital and Non-Marital Assets and Debts" and was signed by Brown and notarized. "Normand Properties Limited Properties Limited Partnership (44.57% ownership interest)" is listed as "Marital Property" and valued at $800,000. A definition of "marital property" is provided in the document itself. Although Brown requests and/or claims ownership of the asset in the marital property section of the document, there is a separate "Non-Marital Property" section and the Normand asset is not listed thereunder.

judgment as preclusive, without considering its merits. He contends that the Normand asset was deemed marital property in the dissolution judgment due to sanctions, and was not a judgment on the merits such that it should be recognized in the probate matter.[7]

Brown makes the same claims in this appeal that he desired to make on direct appeal of the September 14, 2022, order, and that he could have made on direct appeal.[8] Brown's appeal of the circuit court's denial of his "Motion to Amend 09/14/22 Order Granting Marital Claims or, in the Alternative, to Set Aside the Order & for a New Trial & Rule 74.06 Motion for Relief" is another belated attempt to appeal the September 14,

---

[7] Section 473.370.1 states that, "A person having a claim against an estate may establish the same by the judgment or decree of some court of record, in the ordinary course of proceeding, upon filing a copy of the judgment or decree in the probate division." Anna Brown disputes Brown's contention that the dissolution judgment was not a judgment on the merits, citing *Marck Industries, Inc. v. Lowe*, 587 S.W.3d 737, 742 (Mo. App. 2019), which discusses that, where a default judgment is entered as a court-imposed sanction for discovery violations, it is not a true default judgment but a "judgment on the merits." She also cites *Hooks v. MHS Hospitality Group, LLC*, 526 S.W.3d 136, 143 (Mo. App. 2017), which discusses that, where a default judgment is not the result of failing to plead or otherwise defend, and the party is deemed to have defended the matter, a court's Rule 61.01 sanction of judgment by default is "a judgment on the merits."

[8] On April 12, 2023, Brown filed a "Motion for a Special Order Under Rule 81.07 Granting Permission to File Notice of Appeal Out of Time." Therein, he asked to belatedly appeal the circuit court's September 14, 2022, judgment which allowed Anna Brown's marital claim. This court denied that motion on April 19, 2023. Brown filed a motion to reconsider that denial, wherein he argued in part that, if allowed to pursue a direct appeal, he intended to argue that "the Rule 59 admissions assigned to him in the Family Court should not have been used in the probate court." The motion further argued that, when Brown filed this appeal, he believed that he was also appealing the court's September 14, 2022 judgment, and a grant of his request to file an appeal of the September 14, 2022, judgment out of time would "solidify the existing appeal by adding the Judgment to it (assuming they would be consolidated)." We denied that motion on May 1, 2023.

2022, order. Brown's motion was not an authorized or independent action such that the order denying that motion was, by itself, appealable.

## Conclusion

Brown failed to timely appeal the September 14, 2022, order. Brown's "Motion to Amend 09/14/22 Order Granting Marital Claims or, in the Alternative, to Set Aside the Order & for a New Trial & Rule 74.06 Motion for Relief" did not create an independent right to appeal the September 14, 2022, order upon its denial.

"If a notice of appeal is untimely, the appellate court is without jurisdiction and must dismiss the appeal." *Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 471 (Mo. banc 2011) (internal quotation marks and citation omitted). Brown's appeal is dismissed. *Sanford*, 490 S.W.3d at 722-723.[9]

On February 20, 2024, Anna Brown filed a motion for sanctions under Rule 84.19 alleging Brown's appeal to be frivolous and requesting attorneys' fees incurred. We agree that Brown's appeal is frivolous as he presents no justiciable question, and on the face of the record his appeal is readily recognizable as devoid of merit with little prospect of success. "[B]ecause Rule 84.19 is an equitable remedy, and all prior efforts to dissuade Brown from continuing to attempt to litigate issues that have been finally decided have proven ineffective, sanctions are appropriate in this matter." *Brown v.*

_____

[9] On February 22, 2023, Anna Brown filed a motion to dismiss the appeal for lack of jurisdiction, arguing that Brown's notice of appeal regarding the circuit court's November 2, 2022, order was untimely. This motion was taken with the case, and is now moot given our disposition herein.

11

*Brown*, 645 S.W.3d 75, 85 (Mo. App. 2022). Anna Brown's motion for sanctions is granted, and the matter is remanded to the trial court for a determination of the appropriate award of attorney's fees against Brown for this appeal.

_____

Anthony Rex Gabbert, Judge

All concur.