Denny GARZEE, et ux., Appellants,

v.

John T. SAURO, et al., Respondents.

No. 63615.

Supreme Court of Missouri, Division No. 2.

Oct. 12, 1982.

Sloan R. Wilson, McMullin, Wilson & Schwarz, Kansas City, for appellants.

R. Jay Ingraham, County Counselor, Stephen F. Volek, Mary G. Murdock, Associate County Counselors, Aaron A. Wilson, City Atty., John F. Ingraham, Asst.City Atty., Vickie S. Jones, Felix B. Winston, Kansas City, for respondents.

Charles C. Shafer, Jr., Charles C. Shafer, III, P.C., Kansas City, amicus curiae.

ALDEN A. STOCKARD, Senior Judge.

Appellants Garzee commenced this action for declaratory judgment to set aside as null and void a sale of their real estate for nonpayment of Kansas City, Missouri, property taxes because of alleged violation of applicable constitutional and statutory notice provisions. Respondents' motion for dismissal or for summary judgment was sustained by the trial court and the order of dismissal was designated final under Rule

81.06. Appeal was timely filed, and on October 13, 1981, the Missouri Court of Appeals, Western District, transferred this case by opinion [*Garzee v. Sauro*, 623 S.W.2d 579 (Mo.App.1981), prematurely published prior to transfer], because the question presented involves the construction of a revenue law. Mo.Const. art. V, § 3. We treat this cause as on original appeal and, in part, borrow from the statement of facts by the court of appeals.

This action arose out of a sale of appellants' Lot 20, Block 2, Howard and Scott's Addition, Kansas City, Jackson County, Missouri, for delinquent 1972 taxes due the City. Lot 21, which adjoins Lot 20 and upon which is located a garage attached to a residence located upon Lot 20, was not affected. Appellants pleaded that they received no notice whatsoever or summons of the City's intent or suit to sell Lot 20 for 1972 delinquent property taxes. On August 7, 1978, Lot 20 was sold at the City's instance for the alleged failure to pay taxes for 1972 to defendant John T. Sauro for $700.00, after which an appraiser's report was filed which valued the property at a probable selling price of $8,500.00, and a final market value as of October 1, 1978, after deducting 30% because of the forced sale for delinquent taxes, at $5,950.00. On October 1, 1978, the court administrator made report of the tax sale, which the court found to be inadequate and determined that adequate consideration was $2,800.00. It was ordered that the court administrator execute a deed to the property under the Land Tax Collection Law, §§ 141.210–.810, RSMo 1978, to Sauro upon his payment of the $2,800.00, which was done. Appellants were subsequently evicted at Sauro's demand under a writ of possession. The petition, denominated as one for declaratory judgment, prayed, among other things, that the deed to Sauro be set aside and that appellants be restored to physical possession of the property.

To the petition, respondents filed a joint motion to dismiss or for summary judgment to which suggestions in support of the motion were attached, urging that appellants' claim could not be maintained because of governmental or sovereign immunity; that appellants' allegations of respondents' noncompliance with procedures of §§ 141.120 and 141.130, RSMo 1978, are legally insufficient because those sections are not a part of the collection law; that appellants' allegation of the absence of personal service and the asserted failure of respondents to obtain personal service as a basis for a due process challenge to the foreclosure are insufficient as a matter of law; and that "the notice given in the K–77 Delinquent Land Tax Suit and with particular reference to [the Garzees], has been specifically held to be constitutionally sufficient." Attached to the suggestions was the affidavit of Clifford B. Smith, one of the publishers of The Daily Record, setting forth that the notice of "Land Tax–K77" was published on four consecutive Wednesdays, starting August 10, 1977. A copy of the notice was attached listing, "Howard & Scott's Add. K77–0514 GARZEE, DENNY E. & VONNIE G. Lot 20 Blk 2 $75.13." Also attached to the suggestions is an "affidavit" purportedly by James P. Mitchell, Director of the Department of Revenue of Jackson County, wherein it is stated that pursuant to § 141.440, a section of the "Land Tax Collection Act," he caused to be prepared and mailed, postage prepaid, a notice in the form provided by statute of the filing of the land tax suit to the persons named in the petition as being the last known persons in whose names tax bills were last billed or charged. It also was stated some of the mailed notices were returned to (Mitchell's) office as mail being undeliverable as per the attached serial numbers. K77–0514 of appellants is not listed as returned mail. This "affidavit" is "signed" by typewriter "James P. Mitchell Director, Department of Revenue By Richard Dale Moore, Jr. (in writing)." According to the copy included in the legal file, the "affidavit" is not acknowledged before anyone authorized to administer oaths.

Appellants, among other things, challenge, on due process of law grounds, the adequacy of the notice by mail to them under § 141.440. As noted, the "affidavit"

was not signed by the affiant, nor was it acknowledged by one authorized to administer oaths. Therefore, it is no affidavit of fact which was required to be controverted by appellants under Rule 74.04. The capacity in which Richard Dale Moore, Jr., signed the document does not appear. Note that the statute requires the *collector* to mail the notice of the filing of the suit to the persons named in the petition as being the last known persons to whom tax bills were last billed or charged to the addresses of said persons upon the records of the collector. Section 141.460 requires affidavits of publication of notice of foreclosure, and of posting, mailing, or other acts required by §§ 141.210–.810 to be filed in the office of the circuit clerk prior to trial, and when so filed, shall constitute part of the evidentiary documents in the foreclosure suit. Obviously, there was no proper affidavit of the mailing of the notice of suit to appellants in this case, and therefore there is no showing by respondents that they were entitled to summary judgment by unassailable proof. For the foregoing reasons, there was a genuine issue of fact as to the mailing of the notice, the addresses therein, and the address to which the notice was directed, if so. There remains, however, the question of whether, as a matter of law, the notice of mail statute, § 141.440, RSMo 1978, requires that the collector comply with it. Only if § 141.440, RSMo 1978, is mandatory will appellants' due process claim survive the motion for dismissal or for summary judgment.

Section 141.440 provides that the collector shall cause to be prepared and mailed a brief notice of the filing of the foreclosure suit. This section also provides: "The failure of the collector to mail the notice ... shall not affect the validity of any proceedings brought pursuant to sections 141.210 to 141.810."

■ In determining whether or not a statute is mandatory or directory, the general rule is that when a statute provides what results shall follow a failure to comply with its terms, it is mandatory and must be obeyed. However, if it merely requires certain things to be done and nowhere prescribes results that follow, such a statute is merely directory. *Hedges v. Department of Social Services of Missouri,* 585 S.W.2d 170 (Mo.App.1979). Moreover, provisions giving directions as to the manner in which taxing officers are supposed to give notice of *assessments* or *delinquent tax lists* are directory for the reason that any other construction might allow unavoidable errors of the officer to greatly curtail public revenue, and property owners are held to the duty of ascertaining what taxes are due on their property. *See* 2A Sutherland, Statutory Construction, § 57.20, p. 450.

■ The notice requirement of § 141.440 is notice by mail to the persons named in the petition as being the last known persons in whose names tax bills affecting the real estate described in the petition, of the filing of a foreclosure suit. Giving the statute a directory meaning would imply that the publication of notice of foreclosure in § 141.430 satisfies the notice requirements for in rem proceedings under the due process clause of the Missouri and United States constitutions. Under the principles announced in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), we cannot interpret § 141.440 as directory only. Under *Mullane,* within the limits of practicability, notice must be such as is reasonably calculated to reach the interested parties. Where the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency. The collector is known to have the names and addresses of those persons being the last known persons in whose names tax bills affecting the respective parcels of real estate described in the petition were last billed. Thus, the collector is required, as a matter of law, to prepare and mail a brief notice of the filing of the foreclosure suit. Because a genuine issue of fact as to the mailing of the notice in this case remains, since respondents have not filed proper affidavit of mailing, and because, as a matter of law, notice of the

suit by mail is mandatory, respondents were not entitled to summary judgment or dismissal of appellants' declaratory judgment action.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

WELLIVER, P.J., and HIGGINS and SEILER, JJ., concur.