## STATE ex rel. Earl SIMMEROCK, Relator,

v.

## The Honorable John C. BRACKMANN, Judge of the Circuit Court of Franklin County, Division 1, Union, Missouri, Respondent.

### No. 51580.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 19, 1986.

Joan Marie Tanner, St. Louis, Mo., for relator.

Wm. Eckelkamp, Washington, Mo., Larry Mittendorf, Union, Mo., for Battocletti.

John J. Hummel, St. Louis, Mo., for Fenlon.

ORIGINAL PROCEEDING FOR
WRIT OF PROHIBITION

KAROHL, Judge.

We granted a provisional writ in prohibition on respondent judge to determine whether as a matter of law a full release by plaintiff of relator as defendant in a personal injury suit bars a cross-claim of a co-defendant for contribution or indemnity. Relator contends that the provisions of § 537.060 RSMo Cum.Supp.1984 (laws 1983) are binding on the co-defendant and the court. If that is so, relator is entitled to prohibition on respondent from proceeding further in the suit, *Fenlon, et ux. v. The Western Casualty & Surety Company, John Battocletti, Barklage Agency, Inc. and Earl Simmerock, Franklin County, Missouri, Cause No. CV180–583CC.* We find that the release was a full release of all claims against relator, including a cross-claim for indemnity or contribution, and make our provisional writ absolute.

A discretionary writ in prohibition lies to stop a circuit court from proceeding on a claim asserted against a party where the claim is clearly barred and proceeding on the claim will produce useless and unwarranted litigation. *State ex rel. New Liberty Hospital District v. Pratt,* 687 S.W.2d 184, 187 (Mo. banc 1985); *State ex rel. O'Blennis v. Adolf,* 691 S.W.2d 498, 500 (Mo.App.1985); *State ex rel. Hamilton v. Dalton,* 652 S.W.2d 237, 239 (Mo.App. 1983).

According to the petition of James E. Fenlon and his wife, Jerilyn, James sustained personal injuries when struck by a vehicle operated by defendant, Earl Simmerock, on June 27, 1978. Plaintiffs alleged James' injuries were the result of the negligence of defendant Simmerock in the

operation of the vehicle and co-defendant John Battocletti as the owner of the premises on which defendant Simmerock operated the vehicle where plaintiff was struck as a pedestrian. Plaintiffs allege that Battocletti knew or should have known that the vehicle had defective brakes but failed to warn plaintiff of the danger. Co-defendant Battocletti denied liability and filed a cross-claim against co-defendant Simmerock asserting a claim for non-contractual indemnity or contribution on the sum, if any, awarded plaintiff as a result of the casualty. Thereafter, plaintiffs Fenlon settled their claims against Earl Simmerock and his insurance company, Farmers Insurance Company, Inc. In consideration for the payment of the sum of $45,000 plaintiffs released defendant Simmerock and his insurance carrier. The settlement release was as follows.

### HUSBAND AND WIFE RELEASE OF ONE OF SEVERAL TORT–FEASORS

It is the intention of James E. Fenlon and Jerilyn K. Fenlon, husband and wife (hereinafter referred to as Releasors), to settle part of their claims for injuries and damages arising out of the bodily injury sustained by James E. Fenlon on or about June 27, 1978 when he was struck by a Jeep vehicle in Franklin County, Missouri. It is the intention of the Releasors to accept payment for and on behalf of Earl Simmerock so as to settle with him and release him, his heirs and assigns, as well as Farmers Insurance Company, Inc., as his insurer, from any liability arising out of injuries and damages sustained by James Fenlon and Jerilyn K. Fenlon due to the aforesaid occurrence, but at the same time to proceed against other tort-feasors who contributed to cause that incident for the remainder of any damages and compensation due James E. Fenlon and Jerilyn K. Fenlon because of the aforesaid occurrence.

With these intentions in mind, and understanding the validity of Section 537.060 of the Revised Statutes of the State of Missouri, 1983, wherein provision is made for the release of one or more of several tort-feasors, with reservation of rights as to the remaining tort-feasors to any portion of the claim that is not fully satisfied and compensated, Releasors hereinafter enter into a Release with Earl Simmerock so as to accept from Earl Simmerock and his representatives an amount of money in partial settlement of the claims of Releasors, with the understanding in mind that such payment is not a full and final satisfaction of the entire claim that Releasors have arising out of the aforementioned occurrence, and with the explicit understanding that Releasors will be able to pursue their claims against other tort-feasors who contributed to cause the aforementioned occurrence, in an effort to achieve a full satisfaction of said claims.

Wherefore, Releasors hereinafter agree as follows:

For and in consideration of the sum of $45,000.00, the receipt of which is hereby acknowledged, the undersigned Releasors do hereby release, acquit and forever discharge Earl Simmerock and his insurance company, Farmers Insurance Company, Inc. as his insurer, (hereinafter referred to as "Releasees") from any and all claims Releasors now have or may hereafter have against Releasees for any and all injuries and damages incurred on account of the occurrence of June 27, 1978 when James E. Fenlon was struck by a Jeep vehicle in Franklin County, Missouri, in which he suffered serious injuries, all as set out in a certain lawsuit entitled "James E. Fenlon and Jerilyn K. Fenlon vs. The Western Casualty & Surety Company, John Battocletti, Barklage Agency, Inc., and Earl Simmerock" being cause no. CV180–583CC in the Circuit Court of Franklin County, Missouri, which is currently still pending in that Circuit Court. It is understood that Releasee Earl Simmerock denies that he was in any way negligent in his actions, but that this is an agreed-upon compromise settlement of a disputed claim.

Defendant Simmerock filed a motion for summary judgment on the cross-claim of co-defendant Battocletti. The motion for summary judgment alleges that there is no genuine issue of fact on any issues presented in the cross-claim and that defendant Simmerock is entitled to judgment thereon as a matter of law because of the settlement and release with plaintiffs on the authority of § 537.060 RSMo Cum.Supp. 1984. The motion for summary judgment also alleged, in the alternative, that if the statute does not control, then the common law rule that release of one joint tort feasor is a release of all should be applicable and plaintiffs' petition dismissed as to all defendants with prejudice. The authority for this position may be found in *Clark v. Booth*, 660 S.W.2d 316 (Mo.App.1983).

Respondent judge denied the motion for summary judgment and set the case for trial against remaining defendants and against relator on the cross-claim. On these facts we granted the provisional writ.

Section 537.060 RSMo Cum.Supp.1984 amendment provides as follows:

Defendants in a judgment founded on an action for the redress of a private wrong shall be subject to contribution, and all other consequences of such judgment, in the same manner and to the same extent as defendants in a judgment in an action founded on contract. When an agreement by release, covenant not to sue or not to enforce a judgment is given in good faith to one of two or more persons liable in tort for the same injury or wrongful death, such agreement shall not discharge any of the other tort-feasors for the damage unless the terms of the agreement so provide; however such agreement shall reduce the claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater. *The agreement shall discharge the tort-feasor to whom it is given from all liability for contribution or noncontractual indemnity to any other tort-feasor.* The term "noncontractual indemnity" as used in this section refers to indemnity between joint

tort-feasors culpably negligent, having no legal relationship to each other and does not include indemnity which comes about by reason of contract, or by reason of vicarious liability. (Emphasis added).

We find that under the clear terms of this statute the release given to relator Simmerock by plaintiffs Fenlon operates to release relator from all liability for contribution or noncontractual indemnity to co-defendant Battocletti. Thus, as a matter of law, relator was entitled to summary judgment on the cross-claim and the trial court will exceed its jurisdiction in permitting further proceedings against relator in the underlying lawsuit. We recognize that there are no prior opinions of the appellate courts of this state which have held that a release given by a plaintiff to a party also serves to bar a claim for contribution and indemnity against that party. Accordingly, we look to case law involving similar principles for guidance.

A district court opinion for the Eastern District of Missouri in *Morris v. Rancourt*, 565 F.Supp. 64 (D.C.Mo.1983) reached the same result. The court decided that by reason of a third-party defendant's immunity from suit by plaintiff as a result of a settlement under the terms of a covenant not to sue the third-party defendant was immunized from liability for contribution to third-party plaintiff. *Id.* at 66. The district court relied upon *Kendall v. Sears, Roebuck & Co.*, 634 S.W.2d 176 (Mo. banc 1982). In *Kendall*, it was held that a potential defendant was immune from suit by plaintiff because of the doctrine of parental immunity and other tort feasor-defendants were barred from asserting claims for contribution and indemnity against him. *Kendall*, 634 S.W.2d at 179.

Our Supreme Court considered its own opinion in *Missouri Pacific R. Co. v. Whitehead & Kales Co.*, 566 S.W.2d 466 (Mo. banc 1978). It there said, "The right to non-contractual indemnity presupposes actionable negligence of both parties toward a third party. (citations omitted)." *Whitehead & Kales Co.*, 566 S.W.2d at 468. Because of the release from plaintiffs Fen-

lon, they no longer have a cause of action against Simmerock. Applying the logic of *Whitehead & Kales Co.* and *Kendall,* where parental immunity barred the plaintiff's cause of action which operated to bar contribution or indemnity, we find support for holding that a release on the faith of § 537.060 RSMo, 1983 amendment, has the same effect. Similarly, *Renfrow v. Gojohn,* 600 S.W.2d 77 (Mo.App.1980) held that interspousal immunity was an available defense for a defendant and barred a claim for contribution or indemnity.

■■■ Respondent contends that § 537.-060 RSMo Cum.Supp.1984 which was enacted in 1983 is inapplicable to a cause of action for injuries which occurred on June 27, 1978. The cause of action occurred before and the release was given after the effective date of the 1983 amendment. Respondent relies on Article I, § 13 of the Missouri Constitution which prohibits retrospective laws. A statute is not retrospective unless it extinguishes an existing vested civil right, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to a prior transaction. *Clark v. Kansas City, St. Louis & Chicago Railroad Company,* 219 Mo. 524, 118 S.W. 40, 43 (1909); *See also State ex rel. St. Louis-San Francisco Railway Company v. Buder,* 515 S.W.2d 409, 410 (Mo. banc 1974). Our Supreme Court considered this question in an opinion published after briefing and argument in the present case. *Aherron v. St. John's Mercy Medical Center, et al.,* 713 S.W.2d 498 (Mo. banc 1986). It found the statute in question facially contemplates its application to releases executed following enactment. At 502.

In *Aherron,* plaintiff filed a medical malpractice claim against defendant hospital as employer and against defendant doctor as employee. The employer filed a cross-claim in two counts. Count I asserted a derivative liability claim for indemnity and Count II a non-contractual indemnity claim for apportionment of fault if both defendants were found liable. The trial court dismissed Count I as being beyond the statute of limitations and the hospital dismissed Count II in accord with a settlement agreement it entered into with the plaintiff. The trial court found the release of employer operated as a release of the employee. The Supreme Court held that the court erred in dismissing Count I because the statute of limitations on the plaintiff's claim for medical malpractice was inapplicable to the hospital's claim for indemnity. It also found the trial court erred in granting summary judgment for the employee doctor because of the release of the employer hospital. On the present issue the court said, "... a statute is presumed to operate prospectively—only, unless a contrary intent of the legislature appears." But, "This presumption applies only to those statutes which affect *substantive* rights as opposed to 'remedial,' or non-substantive rights." At 502. It found the employee had no reasonable expectation of, much less an enforceable substantive right to, exoneration from partial liability as a result of the plaintiff releasing the employer in return for less than the full amount of the claim. At 502. The court said,

> By analogy, those provisions of the UCATA [Uniform Contribution Among Tort Feasors Act) (1955 Revision), 12 U.L.A. 57 (1975) ], the pattern for § 537.-060 RSMo Cum.Supp.1984] which effect a rule of contribution among joint tort feasors have been held not to affect substantive rights. The reasoning on this point is that, at the time of such an enactment, each such tortfeasor would be liable for the entire amount of the judgment, and any extinguishment of that liability resulting from satisfaction of a joint judgment by another joint tort feasor would have been merely "a matter of chance rather than the result of a right which became fixed as of the time of the accident."

At 502.

Missouri recognizes a right of the co-defendant to offset to the extent of the consideration paid for the release. *Arnett v. Missouri Pacific Railway Company,* 64 Mo.App. 368, 374–375 (1896). It follows that defendant Battocletti was not deprived

of a substantive right to contribution or indemnity by reason of the statute and release.

In the present case, there is an alternative reason for holding that the validity of the release of all liability on the authority of the statute does not constitute a retrospective application of the statute. Defendant Battocletti's substantive right to contribution or indemnity does not arise until such time as he is found liable for and pays more than his proportionate share of a judgment in the underlying suit. *American Bank of Richmond v. Missouri Farmer's Association, Inc.*, 695 S.W.2d 150, 152 (Mo.App.1985). He had a claim for contribution or indemnity because of plaintiff's petition but his substantive right to this relief did not mature and became liquidated at that time. *Id.* at 153. Giving effect to the release as a bar to the cross-claim does not take away an existing vested substantive right. Plaintiffs in the underlying claim are not entitled to recover from any defendants remaining in the case any additional sum if a resulting judgment should occur in an amount less than the amount of the settlement. If the judgment is more than the amount of the settlement then defendant Battocletti is entitled to an offset or credit in the amount of the settlement. As a result, application of the statute does not deny the remaining defendants all contribution benefits to which they may be entitled and which they enjoyed before the effective date of the 1983 amendment. The claim for indemnity fails. The statute covers both contribution and indemnity and until there is a judgment in favor of the plaintiff against Battocletti there is no mature claim for either. If plaintiff obtains a judgment for less than recovered by settlement full indemnity will result.

Respondent also asserts that, under § 537.060 RSMo Cum.Supp.1984, the release or covenant not to sue must be given in good faith in order to invoke the benefits of the release against a co-defendant. He contends that the issue of good faith was preserved by an affidavit of the cross-claiming co-defendant. If this is true then there is a contested issue of fact on the issue of good faith and the scope of the release. In that event, it was appropriate for the trial court to deny summary judgment and an absolute writ should be denied. We find that the counter-affidavit does not set forth facts as would be admissible in evidence which affirmatively show that the release was not given in good faith. Rule 74.04(e). Although styled as an affidavit in opposition to defendant Simmerock's motion for summary judgment, it was signed by counsel for Battocletti and not by a party. There was no indication that counsel is a competent witness to testify to the matter stated in the affidavit as required by Rule 74.04(e). We find that the affidavit in opposition to the motion for summary judgment fails to preserve a disputed issue of fact. An affidavit which fails to meet the criteria of the rule is not to be considered by the court in ruling on a motion for summary judgment. *Bakewell v. Missouri State Employees Retirement System*, 668 S.W.2d 224, 227 (Mo.App. 1984).

Our preliminary writ in prohibition is made absolute.

SNYDER, C.J., and CARL R. GAERTNER, J., concur.