**DRESSER INDUSTRIES, INC.,**
**Plaintiff–Appellant,**

v.

**Gail LANE and Roy Biesemeyer,**
**Defendants–Respondents.**

No. 64911.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 28, 1994.

Michael E. Bub, Brown & James, P.C., St. Louis, for plaintiff-appellant.

David E. Wilson, Watkins & Wilson, P.C., Clayton, for Gail Lane.

John J. Donnelly, St. Louis, for Roy Biesemeyer.

PUDLOWSKI, Judge.

Dresser Industries, Inc. (appellant) appeals from a motion for summary judgment granted in favor of Gail Lane and Roy Biesemeyer. We reverse and remand.

In December, 1986, Gail Lane and Roy Biesemeyer (respondents) were involved in a automobile accident. Appellant filed suit

against respondents alleging in its petition they negligently caused $2,800 damage to *its* 1985 Oldsmobile Cutlass. In preparation for trial respondents performed an automobile title search and discovered Dresser Leasing Inc., not Dresser Industries, Inc., owned the automobile at the time of the accident. Dresser Leasing Inc. is a wholly owned subsidiary of Dresser Industries, Inc. (appellant). Respondents moved for summary judgment alleging appellant was not a party in interest and, therefore, had no standing to sue. They submitted certified proof of title from the Secretary of State to support their motion. Appellant responded to the motion by asserting that although its petition did not identify it as the record owner it did allege a possessory interest. Appellant averred it had leased the car from Dresser Leasing and, therefore, had standing to sue as the bailee of damaged property. In support of this allegation, it submitted a one page lease setting out the length of the lease (Thirty-six Months) and the payment schedule. The trial court granted respondents' motion. This appeal followed.

In reviewing a motion for summary judgment this court reviews the record in the light most favorable to the non-moving party. *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). The key to summary judgment is the undisputed right to judgment as a matter of law; not simply the absence of a fact question. *Id.* at 380. Under the facts of this case, respondents are not entitled to a judgment as a matter of law.

Appellant alleged in its petition that respondents negligently damaged *its* automobile. In response to respondents' motion for summary judgment, appellant submitted a document dated July 1985 which stated the term of the automobile lease was for 36 months at the rate of $292.03 per month. Appellants document was marked as plaintiff's exhibit A. The document was not verified.

Hornbook law asserts both bailor and the bailee may have an interest in the bailed property at the same time and, therefore, both may be able to sue for the same act of a third person which damages those interests.

Missouri Civil Actions Vol. II, Bailments Sec. 27.78, pp. 27–37. However, only one of them, the first to initiate an action, can proceed with the suit. *Id.*

Here appellant, bailee, alleged in its petition a possessory interest, i.e., it alleged that the respondents damaged its Oldsmobile Cutlass.

Respondents argue they were entitled to judgment as a matter of law because they proved by affidavit appellant did not own the vehicle. We disagree. When the evidence submitted by the movant requires an inference to establish his right to judgment as a matter of law and the evidence supports any other plausible inference, the movant's *prima facie* case fails. *ITT Commercial Finance Corp.,* 854 S.W.2d at 382. In reviewing appellant's petition, we find it does not allege appellant owned the car but it did assert a possessory interest. Respondents' position would incorrectly require the trial court to infer appellant's standing to sue was based on ownership of the automobile rather than appellant's possessory interest. Because we are obliged to make all inferences favorable to the non-moving party if more than one plausible inference exists, we must find the respondents' *prima facie* case fails.

Respondents next argue appellant had to come forward with affidavits to overcome the motion. We disagree. As we had previously mentioned, Rule 74.04(c) places the burden of proof on the moving party to establish a *prima facie* right to judgment as a matter of law. *Id.* at 381. It is only when the moving party establishes a *prima facie* right to judgment that the burden shifts to the non-moving party under Rule 74.04(e). *Id.* Respondents did not meet their burden under Rule 74.04(c) because their evidence was not conclusive on the issue of standing. Therefore, the burden did not shift to appellant.

Respondents also contend the lease did not establish the bailment was in effect at the time of the accident. We disagree. The document is dated June 1986 and states a term of thirty-six months. The lease term and date are sufficient to establish appellant

was a bailee of the automobile at the time of the accident in December of 1987.

A bailee may maintain an action for damages to bailed property. The *MV Bull Calf*, 66 F.Supp. 1019 (E.D.Mo.1946); *See also* 8 C.J.S. *Bailments* § 96 (1988). The record establishes there is a genuine issue regarding the bailment. Summary judgment was inappropriate. Therefore, the judgment is reversed and remanded for further proceedings.

SIMON, P.J., and GRIMM, J., concur.