**Pam BROWN and Jerry Brown, Appellants,**

v.

**MORGAN COUNTY, Missouri, Respondent.**

**No. WD 66601.**

Missouri Court of Appeals,
Western District.

Jan. 30, 2007.

John H. Campbell, Osage Beach, for appellant.

Thomas Glennon Pirmantgen, Jefferson City, for respondent.

RONALD R. HOLLIGER, Judge.

Pam Brown claims that the trial court erred in granting summary judgment in favor of Morgan County, Missouri, because there was a genuine issue of material fact regarding the cause of her fall on the staircase of the Morgan County Courthouse. Because Brown's expert witness testimony established a genuine issue of material fact as to whether an unreasonably dangerous condition of the stairs contributed to her fall, summary judgment

was improper and the case is reversed and remanded.

## STANDARD OF REVIEW

According to Rule 74.04, "a trial court may enter summary judgment where a moving party has demonstrated that there is no genuine issue of material fact and is entitled to judgment as a matter of law." *Rycraw v. White Castle Sys., Inc.*, 28 S.W.3d 495, 498 (Mo.App. E.D.2000). The movant may establish the right to summary judgment by:

> (1) showing undisputed facts that negate any one of the plaintiff's required proof elements; (2) showing that the plaintiff, after an adequate period of discovery, has not produced and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of one or more of the plaintiff's proof elements; or (3) showing that there is no genuine dispute as to the existence of the facts necessary to prove the movant's properly pleaded affirmative defense.

*Pub. Sch. Ret. Sys. of the Sch. Dist. of Kansas City, Mo. v. Mo. Comm'n on Human Rights*, 188 S.W.3d 35, 40 (Mo.App. W.D.2006) (citations omitted). To defeat a *prima facie* case for summary judgment, a non-movant "may not rest upon the mere allegations or denials of the party's pleading." *Id.* (quotation marks and citation omitted). Instead, the non-movant must "show—by affidavit, depositions, answers to interrogatories, or admissions on file— that one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed." *Id.* (quotation marks and citation omitted). Our review of a trial court's grant of summary judgment is essentially *de novo. Rycraw*, 28 S.W.3d at 498 (citing *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376

(Mo. banc 1993)). We must view the record in the light most favorable to the non-moving party. *Id.* (citing *ITT Commercial Fin. Corp.*, 854 S.W.2d at 376)). Here, Morgan County seeks to establish its right to summary judgment using the second method by claiming that Brown cannot prove the causation element of her claim.

## FACTS

On May 19, 2004, Pam Brown was injured when she fell while walking down a staircase inside the Morgan County Courthouse. Brown was in the courthouse about once a week or three times per month since 1996, and had used the staircase about 100 times before May 19. There was nothing different about the stairs on that date compared to the all the other times she used them. There was nothing on the stairs that tripped her, neither the carpet nor the boards on the staircase were loose, and there was no foreign substance or debris present on the stairs. She claimed to have fallen once before on them about one year to one and one half years before.

Brown admitted that she does not know how she fell. She remembered stepping down from the landing towards the first stair, but doesn't know if her foot ever made contact with the first stair. After she stepped down, she reached for the railing and then she was suddenly "flying through the air." There were no eyewitnesses to the fall.

## DISCUSSION

In granting summary judgment in favor of Morgan County, the trial court held that there was no genuine issue of any material fact regarding the cause of Brown's fall. Brown acknowledges that there was no direct evidence of causation, but argues that her expert's testimony provided sufficient circumstantial evidence of causation.

■ Brown proffered the expert testimony of Bruce Moore, a professor of architecture at the John Q. Hammons School of Architecture at Drury University. Moore opined "that the stairs and the situation of the stairs are an unsafe condition." With regard to the area in which Brown fell, he stated that the stairs were "not horizontal" in that "from the left-hand side [of the stairs] to the right-hand side [of the stairs, there was] a pretty major downward slope." More specifically, the stairs were "somewhere between 2 to 3 degrees out of horizontal." Moore further stated his belief that this condition "could be enough to get a person out of balance." He agreed that "[t]he degree out of horizontal" could have been a causal connection with Brown's fall. In granting summary judgment, the court reasoned that "[t]here is nothing to even 'fairly suggest' that the unequal heights on the opposite ends of the riser [of the stairs] caused or contributed to cause [Brown's] fall." [1]

■ "The general duty owed to an invitee by the owner of the premises is the exercise of reasonable and ordinary care in making the premises safe." *Rycraw,* 28

---

1. The trial court also mentioned a statement Brown allegedly made after her fall. Although not relying on Brown's alleged post-fall statement, it was improper for the trial court to make mention of such a statement. Brown denies making this statement and at this stage in the litigation the evidence must be viewed in the light most favorable to Brown. *Hoffman v. Union Elec. Co.,* 176

S.W.3d 706, 707 (Mo. banc 2005) (quoting *ITT Commercial Fin. Corp.,* 854 S.W.2d at 376). Furthermore, "[t]he trial court is not allowed to make credibility determinations when considering summary judgment motions." *United Mo. Bank, N.A. v. City of Grandview,* 105 S.W.3d 890, 898 (Mo.App. W.D.2003).

S.W.3d at 499 (citing *Schultz v. Webster Groves Presbyterian Church*, 726 S.W.2d 491, 495 (Mo.App. E.D.1987)). In order for Brown to recover, she must show: "(1) a dangerous condition existed on [the] premises which involved an unreasonable risk; (2) that [Morgan County] knew or by using ordinary care should have known of the condition; (3) that [Morgan County] failed to use ordinary care in removing or warning of the danger; and (4) as a result, [Brown] was injured." *Id.* (citing *Morrison v. St. Luke's Health Corp.*, 929 S.W.2d 898, 903 (Mo.App. E.D.1996)). Brown must establish "that the instrumentality that caused her injury was either inherently dangerous and/or defective or that it was placed in such a way that it created a dangerous condition." *Id.* (citing *Morrison*, 929 S.W.2d at 903). In many cases "a plaintiff may rely on circumstantial evidence" because he or she "will not know exactly what happened or what caused the fall." *Id.* (citing *Georgescu v. K Mart Corp.*, 813 S.W.2d 298, 300 (Mo. banc 1991)); *see also Zacher v. Mo. Real Estate & Insur. Agency, Inc.*, 393 S.W.2d 446, 449 (Mo.1965). " 'Evidence of causation must be based on probative facts not on mere speculation or conjecture.' " *Payne v. City of St. Joseph*, 135 S.W.3d 444, 451 (Mo.App. W.D.2004) (quoting *Bond v. Cal. Comp. & Fire Co.*, 963 S.W.2d 692, 697 (Mo.App. W.D.1998)); *see also Zacher*, 393 S.W.2d at 449.

In *Rycraw*, the court reversed a grant of summary judgment in favor of the defendant on the plaintiff's slip and fall case. 28 S.W.3d at 497. The plaintiff contended that summary judgment was issued in error because she had established an issue of fact as to whether she fell because of a dangerous condition on the floor, namely a warning cone that was placed behind her. *Id.* In agreeing that she had "provide[d] circumstantial evidence from which it [could] be inferred that the warning cone itself was a dangerous condition and that she fell as a result of it" the court stated that:

> In her deposition, Plaintiff testified that she walked into the restaurant to place a food order at the counter. At that time, no warning cone was in place and she walked immediately up to the counter. When she placed the order, she was a penny short and had to return to her car for the penny. She stated that when she turned to leave the counter, "the next thing I know I was slipping and there was a cone right ... there and I couldn't catch my fall." She again stated later in the deposition that she was "trying to walk back out to the car, I just started slipping. I couldn't catch my fall because this foot was caught with the cone."

*Id.* at 499. The court pointed out that while there was no direct evidence of how she fell, there was "an inference that the cone was involved in the fall and may have become a dangerous condition." *Id.* at 499–500. It further elaborated that "[t]he cone need not be the sole cause of the injury, but simply a cause or a contributing cause." *Id.* at 500.

Another case that is instructive is *Morrison*. 929 S.W.2d 898. In *Morrison*, the ninety-two year old plaintiff had gone to the doctor with her sister. *Id.* at 900. At the same time, a pharmaceutical representative was on the premises and set her briefcase down in the hallway near the nurses counter while she entered a connecting office. *Id.* As the plaintiff was walking around the nurses counter she fell. *Id.* at 901. The court held that "there was sufficient evidence [presented] from which the jury could have found that the briefcase was a cause of plaintiff's fall" even though there was no direct testimony as to the way in which the plaintiff fell. *Id.* Specifically, the court pointed to the facts that the pharmaceutical representative

placed the briefcase next to the counter, the layout of the hallways and the height of the nurses counter suggested that the plaintiff would not have been able to see the briefcase, and as plaintiff rounded the corner of the nurses counter she would have had little time to notice the briefcase on the floor in front of her. *Id.* 901–02. Based on these facts, "there was sufficient evidence [and inferences therefrom] to establish that the placement of the briefcase more probably than not was a cause of plaintiff's fall" and the plaintiff was not required to "prove either that the placement of the briefcase was the sole cause of her fall or concomitantly that other factors ... were not contributing factors to the fall." *Id.* at 902.

We believe the same reasoning applies here as it did in *Rycraw* and *Morrison.* While no one can testify as to what specifically caused Brown's fall, there was sufficient evidence presented to permit an inference that the unequal heights of the riser was a contributing cause of her fall. Brown stated that there was nothing on the stairs that tripped her. Also, she had never had medical problems with her knees and had no difficulty walking prior to her fall. Viewed in the light most favorable to Brown and according her all benefit of all reasonable inferences, we believe her expert's testimony establishes that the steps were a dangerous condition and permits an inference that the condition caused or contributed to the cause of her fall. Accordingly, the testimony creates a genuine issue of material fact and is enough to survive Morgan County's motion for summary judgment.

Alternatively, Morgan County argues that the trial court correctly granted summary judgment for the further reason that they owed no duty to correct or warn Brown of the condition of the stairs because the condition was open and obvious, and was already known to Brown. They

support this argument with Brown's testimony that she had used the steps approximately 100 times before her fall.

In *Harris v. Niehaus,* 857 S.W.2d 222, 226 (Mo. banc 1993), the Missouri Supreme Court recited the open and obvious danger rule as follows:

> when the dangerous condition is so open and obvious that the invitee should reasonably be expected to discover it and realize the danger, a possessor of land does **not** breach the standard of care owed to invitees 'unless the possessor should anticipate the harm despite such knowledge or obviousness.'

*Id.* (quoting *Restatement (Second) of Torts, Section 343A(1)* (1965)). Stated another way, " 'a possessor's actions do not fall below the applicable standard of care if the possessor fails to protect invitees against conditions that are open and obvious as a matter of law.' " *Crow v. Kansas City Power & Light Co.,* 174 S.W.3d 523, 534 (Mo.App. W.D.2005) (quoting *Harris,* 857 S.W.2d at 226).

There was no evidence presented that the stairs were so openly and obviously dangerous. Brown's testimony was that she had never perceived a slant or tilt in the stairs. Furthermore, she blamed herself for the first time she fell on the stairs, not the stairs themselves. Accordingly, we cannot conclude that the stairs were so openly and obviously dangerous and, therefore, cannot uphold the grant of summary judgment on this basis.

## CONCLUSION

The case must be reversed and remanded. Summary judgment was improperly granted in favor of Morgan County because there was a genuine issue of material fact regarding the cause of Brown's fall. Alternatively, summary judgment was not

appropriate under the open and obvious danger rule.

JOSEPH M. ELLIS, Presiding Judge, and ROBERT G. ULRICH, Judge, concur.