STATE of Missouri, ex rel. Jeremiah W. NIXON, Attorney General, State of Missouri, Appellant,

v.

Angela McINTYRE, Respondent.

No. WD 67632.

Missouri Court of Appeals, Western District.

July 10, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 2007.

Application for Transfer Denied Oct. 30, 2007.

Paul Harper, Jefferson City, MO, for appellant.

Michael S. Shipley, Liberty, MO, for respondent.

Before VICTOR C. HOWARD, C.J., ROBERT G. ULRICH and EDWIN H. SMITH, JJ.

ROBERT G. ULRICH, Judge.

The State of Missouri appeals the summary judgment in favor of Angela McIntyre on its claim seeking reimbursement from Ms. McIntyre for the costs expended by the State for her incarceration. § 217.825 et seq.[1] The State presents three points on appeal, arguing summary judgment was improper because: (1) the trial court misapplied the law; (2) Ms. McIntyre failed to verify her affidavit; and (3) the trial court abused its discretion in setting aside a prior summary judgment in the State's favor. The State's second point and third points are granted. The judgment is reversed, and the cause is remanded to the trial court for entry of summary judgment in favor of the State.

**Facts**

Angela McIntyre is incarcerated in the Missouri Department of Corrections pursuant to a judgment of conviction. The State of Missouri filed a petition under the Missouri Incarceration Reimbursement Act, section 217.825 et seq., on November 17, 2005. The petition sought reimbursement from Ms. McIntyre for the costs expended by the State for her incarceration.

Attorney Henry Cummings entered his appearance on behalf of Ms. McIntyre by filing a motion on December 14, 2005. The State filed a motion for summary judgment on February 16, 2006. Although Mr. Cummings appeared at a docket call on March 20, 2006, he did not file any response to the State's motion for summary judgment. Ms. McIntyre's present counsel, Michael S. Shipley, entered his appearance on May 9, 2006, and filed a motion for extension of time to respond to the State's summary judgment motion as well as a motion for leave to file an answer to the State's petition and response to a show cause order out of time. After argument and briefing, the trial court granted those motions.

Ms. McIntyre attempted to fax file her response to the State's summary judgment motion, as well as her cross motion for summary judgment and supporting suggestions, on August 16, 2006. Those pleadings were erroneously faxed to the Court Administrator rather than the Circuit Clerk.[2] The State did receive service copies of the pleadings and filed its reply suggestions in support of its motion for summary judgment and suggestions in op-

---

1. All statutory citations are to RSMo 2000 unless otherwise stated.

2. Ms. McIntyre states that the Court Administrator was identified as the "Court Clerk" in the Missouri Legal Directory.

position to Ms. McIntyre's motion for summary judgment on August 23, 2006.

On September 8, 2006, the trial court granted the State's motion for summary judgment, without benefit of Ms. McIntyre's suggestions in opposition or her cross motion. Upon realizing what had occurred regarding the wrong fax number, Ms. McIntyre filed a motion to vacate the judgment pursuant to Missouri Supreme Court Rule 75.01 on September 13, 2006. The trial court granted the motion to vacate, and Ms. McIntyre's motion for summary judgment and her combined suggestions in support of her motion for summary judgment and in opposition to the State's motion for summary judgment were filed September 18, 2006.

After taking the matter under advisement, the trial court granted Ms. McIntyre's motion for summary judgment on October 19, 2006. The State's timely appeal followed.

### Standard of Review

Pursuant to Rule 74.04, " 'a trial court may enter summary judgment where a moving party has demonstrated that there is no genuine issue of material fact and is entitled to judgment as a matter of law.' " *Brown v. Morgan County,* 212 S.W.3d 200, 202 (Mo.App. W.D.2007) (citation omitted).

The movant may establish the right to summary judgment by:

(1) showing undisputed facts that negate any one of the plaintiff's required proof elements; (2) showing that the plaintiff, after an adequate period of discovery, has not produced and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of one or more of the plaintiff's proof elements; or (3) showing that there is no genuine dispute as to the existence of the facts necessary to prove

the movant's properly pleaded affirmative defense.

*Id.* (citation omitted). "To defeat a *prima facie* case for summary judgment, a non-movant may not rest upon the mere allegations or denials of the party's pleading." *Id.* (quotation marks and citation omitted). "Instead, the non-movant must show-by affidavit, depositions, answers to interrogatories, or admissions on file-that one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed." *Id.* (quotation marks and citation omitted).

"[R]eview of a trial court's grant of summary judgment is essentially *de novo.*" *Id.* "The record is reviewed in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record." *Midwestern Health Mgmt., Inc. v. Walker,* 208 S.W.3d 295, 297 (Mo.App. W.D.2006). "Facts contained in affidavits or otherwise in support of a party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion." *Id.*

### Analysis

The State's second point on appeal addresses the trial court's entry of summary judgment in favor of Ms. McIntyre. The third point is impacted by resolution of the second point, and points two and three are considered together. In its second point, the State argues summary judgment was improper because Ms. McIntyre's affidavit in support of her motion for summary judgment was neither signed nor notarized. Thus, it argues she failed to meet Rule 74.04's requirement that affidavits be verified. The States third point asserts that the trial court abused its discretion in setting aside the summary judgment in the State's favor because Ms. McIntyre's at-

tempted affidavit failed to present competent evidence, and the court's setting aside the summary judgment in favor of the State violated the Rule 75.01 requirement that the court find good cause to justify the judicial act. Thus, the summary judgment in the State's favor should not have been set aside.

■ Ms. McIntyre's motion for summary judgment and suggestions in support thereof asserted that the facts set forth in the State's motion for summary judgment were not disputed and asserted additional uncontroverted facts, namely that the funds in her inmate account were gifts. Two exhibits were attached to the motion and suggestions in support. Exhibit A was Ms. McIntyre's purported affidavit; Exhibit B was a decision by the Cole County Circuit Court that Ms. McIntyre urged the trial court to follow and utilize in granting her motion for summary judgment. Exhibit A was comprised of two pages. The first page stated:

Note to Exhibit A

Because of delays in sending and receiving mail to inmates, counsel has not yet received the signed original affidavit from Ms. McIntyre. The undersigned hereby certifies that he has discussed the exact contents of Exhibit A with Ms. McIntyre, that she has indicated that it is true and correct, and that it has been signed, and is in the process of being transmitted to counsel. *As soon as the original is received, counsel will forward it to the Court for substitution.*

Respectfully Submitted,

[Michael S. Shipley, Ms. McIntyre's counsel]

(Emphasis added.) Ms. McIntyre's affidavit stated: (1) there were three deposits into her inmate account for less than $15.00 representing credits for amounts overpaid or refunds from stores; (2) all remaining deposits to her inmate account, except for wages and salary earned while incarcerated, were gifts; and (3) she has not had total assets in excess of $2,000.00 at any time during her incarceration. Instead of her signature, the signature line stated: "Original Signed By." While there was an appropriate place for the document to be notarized, those lines were left blank.

Rule 74.04(c)(1) requires a motion for summary judgment "state with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts." Exhibit B was a case Ms. McIntyre desired the court to follow. It did not support an assertion of material fact. Exhibit A was the sole support cited for the uncontroverted facts asserted by Ms. McIntyre. It was an unverified affidavit.

■ An affidavit that is neither signed nor notarized is not competent evidence. *Mueller v. Bauer,* 54 S.W.3d 652, 657 (Mo.App. E.D.2001). "The truth of the facts contained in an affidavit must be sworn to in order for the affidavit to be proper." *Fitzpatrick v. Hoehn,* 746 S.W.2d 652, 655 (Mo.App. E.D.1988)(holding a trial court properly refused to consider an affidavit that was signed and notarized but not verified under oath). "An affidavit which fails to meet the criteria of the rule is not to be considered by the court in ruling on a motion for summary judgment." *State ex rel. Simmerock v. Brackmann,* 714 S.W.2d 938, 943 (Mo.App. E.D.1986)(rejecting an affidavit that was signed by counsel for defendant and not by a party).

In *Garzee v. Sauro,* 639 S.W.2d 830 (Mo. 1982), the respondents filed a motion for summary judgment, claiming sufficient no-

tice of a property sale due to nonpayment of property taxes had been provided to appellants. *Id.* at 831. Attached to the suggestions in support of the motion was an affidavit by James P. Mitchell, Director of the Department of Revenue of Jackson County, stating statutory notice was provided. *Id.* "James P. Mitchell Director, Department of Revenue By Richard Dale Moore, Jr" signed the affidavit. *Id.* It was not acknowledged before anyone authorized to administer oaths. *Id.* The Missouri Supreme Court stated:

> As noted, the affiant did not sign the "affidavit", nor was it acknowledged by one authorized to administer oaths. Therefore, it is no affidavit of fact which was required to be controverted by [the non-movants] under Rule 74.04.

*Id.* at 831–32. It concluded: "Obviously, there was no proper affidavit of the mailing of the notice of suit to appellants in this case, and therefore there is no showing by respondents that they were entitled to summary judgment by unassailable proof." *Id.* at 832.

Ms. McIntyre's unexecuted affidavit "could [not] be considered on the motion for summary judgment." *Mueller*, 54 S.W.3d at 658. Thus, there was nothing supporting her assertion of uncontroverted facts, and her motion for summary judgment failed to meet the requirements of Rule 74.04(c). Accordingly, it was error for the trial court to grant her motion.

■ Ms. McIntyre argues her failure to sign her affidavit is of no significance because in its response to her motion for summary judgment, the State asserted it was "without sufficient information to admit or deny" Ms. McIntyre's allegation that the deposits to her account were gifts. It further asserted that whether the funds were gifts is "not material" because the funds were still her property. Ms. McIntyre argues the issue before the court was whether the expectation of future gifts is income the State could cite as good cause to file an action pursuant to the Missouri Incarceration Reimbursement Act.[3]

She relies on Rule 74.04(c)(6),[4] which states: "If the motion, the response, the reply and the sur-reply show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, the court shall enter summary judgment forthwith." Ms. McIntyre claims that, because the State did not deny that the funds were gifts, there was no genuine issue of material fact, and summary judgment was proper as the court merely had to engage in statutory interpretation regarding whether the expectation of future gifts fell within the purview of "stream of income." Ms. McIntyre misunderstands the shifting burden set forth in Rule 74.04.

In *Dresser Industries, Inc. v. Lane*, 878 S.W.2d 869 (Mo.App. E.D.1994), the summary judgment movants were involved in an automobile accident. *Id.* at 869. The non-movant brought suit against the mov-

---

**3.** "Good cause" refers to section 217.831.3, which states:

> If the attorney general upon completing the investigation under subsection 2 of this section has good cause to believe that an offender or former offender has sufficient assets to recover not less than ten percent of the estimated cost of care of the offender or ten percent of the estimated cost of care of the offender for two years, whichever is

less, or has a stream of income sufficient to pay such amounts within a five-year period, the attorney general may seek to secure reimbursement for the expense of the state of Missouri for the cost of care of such offender or former offender.

**4.** Ms. McIntyre cites Rule 74.04(c)(4), but the language she quotes is actually from subsection (c)(6).

ants for negligent damage to its vehicle. *Id.* at 870.

Movants filed a motion for summary judgment alleging non-movant did not own the vehicle. *Id.* They claimed lack of ownership deprived non-movant of standing to bring suit. *Id.* They submitted certified proof of title from the Secretary of State in support of their motion. *Id.*

Non-movant responded, claiming it had leased the vehicle from the owner indicated on the title and had a possessory interest in the vehicle. *Id.* In support, it submitted the vehicle lease. *Id.* This document was not verified. *Id.*

The court noted that both a bailor and bailee have an interest in bailed property and, accordingly, both may be able to sue for the same act of a third person that damages those interests. *Id.* However, only the first to bring suit may proceed. *Id.* Movants argued they were entitled to judgment because they proved by affidavit that non-movant did not own the vehicle. *Id.* The court disagreed. *Id.* It stated: "When the evidence submitted by the movant requires an inference to establish his right to judgment as a matter of law and the evidence supports any other plausible inference, the movant's *prima facie* case fails." *Id.* Non-movant's petition alleged that it had a possessory interest in the vehicle; it did not allege it owned the vehicle. *Id.* If movants were granted summary judgment, the trial court would have to improperly infer non-movant's standing to sue was based upon ownership as opposed to having a possessory interest. *Id.* The court concluded: "Because we are obliged to make all inferences favorable to the non-moving party if more than one

plausible inference exists, we must find the respondents' *prima facie* case fails." *Id.*

Movants next argued non-movants had the burden to submit affidavits overcoming their motion. *Id.* The court disagreed. *Id.* It stated:

As we had previously mentioned, [Rule 74.04(c)(1) ][5] places the burden of proof on the moving party to establish a *prima facie* right to judgment as a matter of law. It is only when the moving party establishes a *prima facie* right to judgment that the burden shifts to the non-moving party under [Rule 74.04(c)(2) ].[6]

*Id.* (internal citation omitted). It reiterated that movants did not meet their burden under Rule 74.01(c) as their evidence was not conclusive on the issue of standing. *Id.* Therefore, the burden did not shift to the non-movant. *Id.*

Similarly, as Ms. McIntyre's motion for summary judgment was not supported by competent evidence, she failed to make her *prima facie* case. Summary judgment cannot be granted in her favor until she meets her burden to establish a *prima facie* case. The State's response to her motion is irrelevant if she has not established a *prima facie* case. Thus, it was error to grant her motion for summary judgment.

A series of events occurred that affected Ms. McIntyre's case. First, there is no indication that Ms. McIntyre's verified affidavit was ever filed with the court. Neither the docket sheets nor the judgment[7] indicate the verified affidavit was ever filed. It is not located in the record on appeal. Further, Ms. McIntyre does not state on appeal that the verified affidavit

---

**5.** Formerly Rule 74.04(c).

**6.** The burden shifting language was previously found in Rule 74.04(e).

**7.** The judgment makes no reference to the fact that Ms. McIntyre's affidavit was unverified.

was ever filed. To the contrary, she states in her brief: "Although the Affidavit attached to [her] motion for Summary Judgment is not signed because the original had not wended it[s] way through the prison mail system at the time the motion was filed, *it is available for filing.*" (Emphasis added.) The statement indicates the affidavit is in her or her counsel's possession, but it was never filed with the trial court.

Second, Ms. McIntyre states the original affidavit was actually signed on August 16, 2006. Her counsel attempted to file her motion for summary judgment that same day, but the motion was sent to the wrong fax number. The State filed a response to her motion on August 23, 2006, arguing, *inter alia,* that Ms. McIntyre failed to comply with Rule 74.04 because her affidavit was not verified under oath, as it was not signed. The State argued her affidavit could not be considered because of this defect. Ms. McIntyre's motion for summary judgment was filed with the proper court on September 18, 2006. The trial court granted her motion for summary judgment on October 19, 2006. While inmate mail may be slow, Ms. McIntyre had more than two months to file a verified affidavit with the trial court. Further, she was aware the State contended her motion failed to comply with Rule 74.04. Yet, a verified affidavit was never filed.

Third, while the State has control over inmates receiving and sending mail, no contention is made that Ms. McIntyre's verified affidavit was not received by her counsel in a timely manner because of intentional State action. She does not claim the State did anything to delay the timeliness of her verified affidavit or to prevent its being filed in an effort to hinder her motion for summary judgment. No suggestion is made that delay was caused by anything other than normal delays associated with inmate mail.

Ms. McIntyre's motion for summary judgment failed to comply with Rule 74.04. As it was the sole supporting document for her motion, she failed to establish a *prima facie* case. Accordingly, summary judgment in her favor should not have been granted. The State's second point is granted.[8]

Rule 75.01 allows the trial court, for good cause shown, to vacate, reopen, correct, amend, or modify its judgment within thirty days after entry of the judgment. The trial court has considerable discretion in ruling on Rule 75.01 motions, and reviewing authority will not reverse its decision unless the court abuses that discretion. *Seyler v. Seyler,* 201 S.W.3d 57, 66 (Mo.App. E.D.2006). The absence of competent evidence for the court's consideration provided no legal basis, no "good cause" as required by Rule 75.01, for setting aside the summary judgment in favor of the State as the State asserts in Point three. The court, therefore, having no basis for vacating the judgment, abused its discretion. Point three, therefore, is granted.

The judgment of the trial court granting Ms. McIntyre's motion for summary judgment is reversed, and the cause is remanded to the trial court for entry of the court's prior summary judgment in favor of the State.

All concur.

---

8. Addressing the State's first point is unnecessary given the disposition of the second point.